# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Joseph Koehler Jr.,   :
     Appellant  :
         :
   v.       :  No. 776 C.D. 2018
         :  Submitted: November 2, 2018
Mr. John Wetzel;    :
Mr. Christopher Oppman;  :
Mr. Dino Angelici;    :
Mr. Robert Gilmore;   :
Mr. William Nicholson;  :
Dr. Robert Krak;    :
Dr. Celeste Kostelnik;   :
Pennsylvania Department  :
of Corrections     :


BEFORE: HONORABLE ROBERT SIMPSON, Judge
    HONORABLE P. KEVIN BROBSON, Judge
    HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**    **FILED: March 22, 2019**


   Appellant John Joseph Koehler, Jr. (Koehler) appeals, *pro se*, from an order of the Court of Common Pleas of Greene County (trial court), dated February 16, 2018. The order granted preliminary objections filed by the Pennsylvania Department of Corrections (Department), John Wetzel (Wetzel),[1]

---

[1] Wetzel is the Secretary of the Department.

Christopher Oppman (Oppman),[2] Dino Angelici (Angelici),[3] Robert Gilmore (Gilmore),[4] William Nicholson (Nicholson),[5] Dr. Robert Krak (Dr. Krak),[6] and Dr. Celeste Kostelnik (Dr. Kostelnik)[7] (collectively, Appellees) and dismissed Koehler's complaint. We now reverse, in part, affirm, in part, and remand for further proceedings.

On August 4, 2017, Koehler, an inmate at SCI-Greene, commenced this action by filing a complaint with the trial court. (Original Record (O.R.), Item No. 5.) In the complaint, Koehler averred that the individual Appellees acted as agents and employees of the Department. (*Id.* at ¶ 17.) Koehler sought damages from Appellees based on a retaliation claim. (*Id.* at ¶ 16.) As to the factual basis for his claim, Koehler alleged that "on November 22, 2016, [he] sent Dr. Kostelnik a request slip requesting dental services[, because he] had broke[n] a piece of tooth off." (*Id.* at ¶ 26.) "On November 29, 2016, [Koehler] . . . received the request slip back with a scheduled date of December 9, 2016[,] to receive dental services." (*Id.* at ¶ 27.) "On February 14, 2017, [Koehler] . . . received dental services to repair the broken tooth." (*Id.* at ¶ 29.) Koehler averred that "[i]t took 84 days of pain and suffering before [his] broken tooth was repaired." (*Id.* at ¶ 29.) Based on those

---

[2] Koehler avers that Oppman is the head of the Department's Bureau of Health Care Services.

[3] Koehler avers that Angelici is the Department's Chief of Dentistry.

[4] Koehler avers that Gilmore is the Superintendent of the State Correctional Institution at Greene (SCI-Greene).

[5] Koehler avers that Nicholson is the Chief Healthcare Administrator at SCI-Greene.

[6] Koehler avers that Dr. Krak is a licensed professional who is practicing in the specialty of dentistry.

[7] Koehler avers that Dr. Kostelnik is a licensed professional who is practicing in the specialty of dentistry.

averments, Koehler further averred that "the failure to provide timely dental services upon request is retaliatory in nature and specifically due to [Koehler's] current lawsuit against [Dr. Krak] and the [Department]." (*Id.* at ¶ 30.) As to the retaliatory conduct of the individual Appellees, Koehler averred that "Dr. Krak and Dr. Kostelnik failed to give timely dental services," and the others "failed to insure timely dental services." (*Id.* at ¶ 31.) He further averred that the Department is "vicariously and directly liable for the acts of" the individual Appellees. (*Id.*)

Koehler attached to his complaint various documents relating to his subject request for dental services and grievances related thereto. According to these documents, Koehler submitted an inmate request form, dated November 22, 2016, directed to Dr. Kostelnik, on which Koehler wrote: "A piece of my tooth broke off. The tooth is on the right side bottom. The last molar of the right bottom. I still have some filling left in the rest of the tooth." An illegible signature appears at the bottom of the form (presumably that of a staff member), dated November 28, 2016, along with a notation that an appointment is scheduled for December 9, 2016, subject to change. Koehler also submitted an official inmate grievance form, dated December 15, 2016, wherein he stated that he had been informed that he would receive dental services on December 9, 2016, but he had yet to receive such services. In his grievance, he averred that "the failure to provide timely dental services upon request is retaliatory in nature [and due to his] current lawsuit against [Dr. Krak]." (Inmate grievance form, attached to complaint.) Nicholson denied the grievance on January 10, 2017, essentially stating that the Department was not aware of any requests by Koehler to the dental department. Nicholson recommended that Koehler follow established procedure in order to request relief. Koehler appealed the grievance denial on January 19, 2017, recounting in his appeal the details set forth

3

above and stating that he was still without dental services due to retaliation. The next communication regarding the grievance is dated March 8, 2017. At that time, Nicholson acknowledged that Koehler had provided a copy of the request for dental services, which Nicholson appreciated and found helpful. Nicholson also noted that Koehler received the dental services on February 14, 2017. Nicholson stated that he did not "know the reason that [he] was moved from the list but there are usually emergencies or [the Department] has to work on certain units due to security concerns." (Grievance response, dated March 8, 2017, attached to complaint.) Nicholson denied the grievance because the matter had been resolved.

The documents attached to the complaint indicate that, despite having received treatment, Koehler appealed again, noting that Nicholson did not address the 84 days of pain suffered by Koehler and again asserting that he was moved off the list due to retaliation. Gilmore denied the grievance appeal on April 11, 2017, stating that the appointment was subject to change and that it was not changed due to retaliation. Koehler appealed yet again, and the Chief Grievance Officer denied the appeal. This time, the Chief Grievance Officer explained:

> Your dental concerns were reviewed by the staff at the Bureau of Health Care Services. After they reviewed your medical records and discussed your case with [Dr. Krak], they determined that staff actions were appropriate and the treatment rendered was successful. They found no evidence to support claims of retaliation or unmet pain relief.

(Grievance response, dated June 21, 2017, attached to complaint.)

On August 28, 2017, Appellees filed preliminary objections to Koehler's complaint, interpreting Koehler's complaint as setting forth a First Amendment retaliation claim based on *Yount v. Pennsylvania Department of Corrections*, 966 A.2d 1115 (Pa. 2009). Appellees asserted that Koehler failed to

4

state a First Amendment retaliation claim upon which relief could be granted. Appellees further asserted that "[t]here are no factual allegations indicating that Wetzel, Oppman, Angelici, or Gilmore were personally involved in the provision of dental services" to Koehler and that "there are no factual allegations against Nicholson in the body of the complaint." (O.R., Item No. 25, preliminary objections, ¶¶ 17, 18.) As to Nicholson's denial of Koehler's grievance and appeal, Appellees contended that the allegations against him are insufficient, because the failure of a prison official to act favorably on an inmate's grievance is not itself a constitutional violation. As to whether he sufficiently pleaded facts in support of a retaliation claim, Koehler responded that he raised an inference that the protected conduct was a substantial factor motivating the adverse action, such that the burden shifted to the prison to show the action would have been taken absent the protected conduct. (*Id.* at ¶ 5.)[8]

The trial court sustained Appellees' preliminary objections, holding that Koehler failed to state a claim because he failed to plead sufficient facts relating

---

[8] Appellees also contended that Koehler failed to state a claim under 42 U.S.C. § 1983 (Section 1983) as to Wetzel, Oppman, Angelici, Gilmore, and Nicholson, because Koehler failed to allege the requisite personal involvement of those Appellees. (O.R., Item No. 25, ¶¶ 13-22.) Appellees also asserted that Koehler cannot maintain a cause of action under Section 1983 against the Department, because the Department is not a "person" for purposes of Section 1983 claims. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Koehler responded by denying that he is asserting a claim under Section 1983; rather, he is asserting a "state tort" claim, to which he contends respondeat superior liability is applicable. (O.R., Item No. 22, plaintiff's response to preliminary objections at ¶¶ 7-10.) Despite his denial that this cause of action is not a Section 1983 claim but a state tort claim, a reading of the complaint reveals otherwise. Koehler's request for relief asks for damages in light of the Department's allegedly retaliatory act. Such a request for relief only exists under Section 1983. *See Brown v. Blaine*, 833 A.2d 1166, 1170 n.10 (Pa. Cmwlth. 2003) ("Section 1983 only provides for damages when a state actor violates rights of a citizen that arise under federal law.") We, therefore, treat Koehler's cause of action as a retaliation claim for damages pursuant to Section 1983.

to retaliation. (*Id.* at 7-10.) The trial court, without discussion, also sustained Appellees' remaining preliminary objections and dismissed the action.

On appeal,[9] Koehler argues that the trial court committed an error of law by sustaining Appellees' preliminary objections and dismissing his complaint. Koehler contends that he pleaded sufficient facts to state a retaliation claim.

Our Supreme Court, in *Yount*, provided the guiding principles and test used to determine whether a prison retaliation claim will be successful. In *Yount*, the Supreme Court explained:

> Retaliation claims are guided by the United States Supreme Court's decision in *Turner v. Safley*, 482 U.S. 78 . . . (1987), which held "courts are ill equipped to deal with the increasingly urgent problems of prison administration . . . ," and great deference must be accorded to the administrative determinations of prison officials. The United States Supreme Court further recognized prison rules and regulations are presumptively valid unless a prisoner proves otherwise.
>
> Although the elements of a prison retaliation claim differ slightly among federal courts, generally courts require

_____

[9] In *Brown v. Wetzel*, 179 A.3d 1161 (Pa. Cmwlth. 2018), this Court set forth our standard of review, as follows:

> Where a [trial court] dismisses a complaint based on preliminary objections, this Court's review is limited to determining whether the trial court committed an error of law or an abuse of discretion. When considering preliminary objections, we must accept as true all well-pleaded material facts alleged in the complaint and all reasonable inferences deducible therefrom. A preliminary objection should be sustained only in cases when, based on the facts pleaded, it is clear and free from doubt that the facts pleaded are legally insufficient to establish a right to relief. Because a preliminary objection in the nature of a demurrer presents a question of law, this Court's standard of review of a [trial court's] decision to sustain a demurrer is de novo and the scope of review is plenary.

*Brown*, 179 A.3d at 1164 n.2.

> proof the inmate engaged in constitutionally protected conduct, prison officials took adverse action, and the protected conduct was a substantial or motivating factor for the action.
>
> . . . .
>
> The final test for a retaliation claim . . . was set forth in *Abdul–Akbar* [*v. Department of Corrections*, 910 F. Supp. 986 (D. Del. 1995)]. Under this test, the burden of proof is placed on the prisoner to disprove a legitimate penological goal as well as to prove the other required elements of a retaliation claim.

*Yount*, 966 A.2d at 1119-20 (citations omitted). This Court has reformulated the test discussed in *Yount*, highlighting four elements that must be proven in order for an inmate to bring a successful retaliation claim under the First Amendment. *See Richardson v. Wetzel*, 74 A.3d 353, 357 (Pa. Cmwlth. 2013). The reformulated test requires that the inmate prove the following: "(1) [the inmate] engaged in constitutionally protected conduct; (2) the retaliation against that conduct resulted in adverse action; (3) the protected conduct was a substantial and motivating factor for the retaliation; and (4) the retaliatory action did not further a legitimate penological goal." *Id*. A prisoner who alleges retaliation for filing a grievance or a lawsuit against prison staff invokes the First Amendment right of access to the courts. *Yount*, 966 A.2d at 1121. Where the second element is concerned—*i.e.*, retaliation resulting in adverse action—the Supreme Court in *Yount* explained that an inmate may prove adverse action by showing that the alleged retaliatory act was "sufficient to deter a person of ordinary firmness from exercising his [constitutional rights]." *Yount*, 966 A.2d at 1121 (quoting *Allah v. Seiverling*, 229 F.3d 220, 225 (3d Cir. 2000)).

With respect to the first element, the trial court concluded that Koehler was engaged in constitutionally protected conduct when he filed the prior suit against Dr. Krak for an unrelated injury, and neither Koehler nor Appellees challenge the

7

trial court's finding that Koehler sufficiently pleaded this element. Where the second element is concerned, Koehler argues that Appellees engaged in retaliatory conduct because Appellees were aware of the pending lawsuit against Dr. Krak and deliberately caused a delay of 84 days in providing Koehler with dental services for his broken tooth. Koehler posits that the delay in his receipt of dental services constituted an adverse action. Koehler further posits that he now has a "permanent fear that the dentist will make [him] wait for services." (O.R., Item No. 27 at 8.) At the preliminary objection stage, Koehler has stated enough facts to show that the allegedly retaliatory act was of the kind that would dissuade an individual of ordinary firmness from exercising his or her constitutional rights. *See Yount*, 966 A.2d at 1121 ("Where a plaintiff advances a colorable, but not necessarily incontrovertible, argument he was subjected to adverse action, the issue is best resolved by the fact-finder."). Koehler has, therefore, pleaded the requirements of the second element.

The third element requires a showing that the action or conduct at issue is retaliatory in nature and that the constitutionally protected conduct was a substantial and motivating factor for said conduct. Koehler avers that "the motivating factor for the retaliation is the lawsuit against Dr. Krak and [the Department]. [Koehler] believes he would not have been removed from the list to have his broken tooth repaired [] if it was not for [Koehler's] lawsuit against Dr. Krak and [the Department]." (O.R., Item No. 17 at 3.) In other words, Koehler alleges that Dr. Krak's knowledge of the pending lawsuit against him—*i.e.*, the protected conduct—prompted Appellees to delay providing dental services to Koehler. Koehler's averments are, therefore, enough to defeat an objection based

8

on legal insufficiency of the assertion that Appellees caused a delay in providing dental services due to Koehler's pending lawsuit against Dr. Krak.

Concerning the fourth element, Koehler claims that Appellees' alleged retaliatory action did not further a penological goal because it only served to remove him from the institution's waiting list for dental services and such an action does not appear to further a penological goal. Although minimally developed, Koehler has pleaded sufficient facts that Appellees' alleged retaliatory action did not further a penological goal. Koehler's retaliation claim survives a preliminary objection in the nature of a demurrer.

With respect to Appellees' preliminary objection that Koehler failed to sufficiently allege personal involvement by Wetzel, Oppman, Angelici, Gilmore, or Nicholson in any alleged civil rights violations, we agree. In order to state a claim under Section 1983, a plaintiff must "(1) allege a violation of rights secured by the United States Constitution or the laws of the United States, and (2) show the alleged deprivation was committed by a person acting under the color of state law." *Owens v. Shannon*, 808 A.2d 607, 609 n.6 (Pa. Cmwlth. 2002). To prevail in a Section 1983 suit against a supervisory official, a plaintiff must demonstrate the supervising defendant had personal involvement in the alleged wrongs. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The body of the complaint is devoid of any factual averments as to how those individuals engaged in retaliation. Thus, because the complaint fails to plead with particularity any specific facts against them, Koehler has failed to state a claim as to those individual Appellees.

Concerning Appellees' preliminary objection arguing that Koehler cannot maintain a cause of action against the Department because the Department is not a "person" pursuant to Section 1983, we also agree. It is settled law within this

9

Commonwealth that "the Commonwealth, [] department[s] of the Commonwealth, and officials acting in their official capacities are not 'persons' under [Section 1983]." *Pa. Workers' Comp. Judges Prof'l Ass'n v. Exec. Bd. of the Cmwlth.*, 39 A.3d 486, 493 (Pa. Cmwlth. 2012), *aff'd*, 66 A.3d 765 (Pa. 2013). These parties are, therefore, not subject to suit under Section 1983. Accordingly, Koehler may not maintain the Section 1983 claim against the Department.

For the reasons discussed above, we reverse the trial court's order to the extent it sustained Appellees' preliminary objection that Koehler's complaint fails to assert generally a First Amendment retaliation claim upon which relief could be granted. As to Appellees' preliminary objection that Koehler's complaint fails to allege the requisite personal involvement on the part of Wetzel, Oppman, Angelici, Gilmore, and Nicholson, we affirm the trial court's order.[10] Concerning Appellees' preliminary objection that Koehler cannot maintain the suit against the Department because it is not a "person" under the meaning of Section 1983, we affirm the trial court's order. We remand the matter to the trial court for purposes of the claims against Dr. Robert Krak and Dr. Kostelnik.

P. KEVIN BROBSON, Judge

---

[10] We note that Koehler does not argue that the trial court should have allowed him to amend his complaint.

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

John Joseph Koehler Jr., : 
                Appellant : 
                   : 
         v. :   No. 776 C.D. 2018
                   : 
Mr. John Wetzel; : 
Mr. Christopher Oppman; : 
Mr. Dino Angelici; : 
Mr. Robert Gilmore; : 
Mr. William Nicholson; : 
Dr. Robert Krak; : 
Dr. Celeste Kostelnik; : 
Pennsylvania Department : 
of Corrections : 

## **O R D E R**

AND NOW, this 22nd day of March, 2019, the order of the Court of Common Pleas of Greene County (trial court), dated February 16, 2018, sustaining Appellees' Preliminary Objections and dismissing John Joseph Koehler, Jr.'s (Koehler) cause of action for First Amendment retaliation, is hereby AFFIRMED, in part, and REVERSED, in part. The trial court's order is REVERSED to the extent it sustained Appellees' preliminary objection that Koehler's complaint fails to assert generally a retaliation claim upon which relief could be granted. The trial court's order is AFFIRMED to the extent that it sustained Appellees' preliminary objection that Koehler's complaint fails to allege the requisite personal involvement on the part of John Wetzel, Christopher Oppman, Dino Angelici, Robert Gilmore, and William Nicholson and dismissed them from this matter. The trial court's order is AFFIRMED to the extent that it sustained Appellee's' preliminary objection that Koehler cannot maintain the suit against the Department of Corrections

(Department) because it is not a "person" pursuant to 42 U.S.C. § 1983 and dismissed the Department from this matter. The matter is REMANDED to the trial court for purposes of the claims against Dr. Krak and Dr. Kostelnik.

Jurisdiction relinquished.


_____
P. KEVIN BROBSON, Judge