# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Carlos Sanchez,  :
          Petitioner  :
  :
        v.  :
  :
Pennsylvania Department of  :
Corrections; George M. Little,  :
Secretary of Pennsylvania Department  :
of Corrections; Jamie Sorber,  :
Superintendent; Kelly Long, Mail Room :
Supervisor; and Amina McCown,  :
H-Unit Manager,  :  No. 451 M.D. 2023
         Respondents  :  Submitted: August 9, 2024


BEFORE:   HONORABLE ANNE E. COVEY, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: September 25, 2024


Before this Court are the preliminary objections (Preliminary Objections) filed by the Pennsylvania Department of Corrections (DOC), DOC Secretary George M. Little (Little), Superintendent Jamie Sorber (Sorber), Mail Room Supervisor Kelly Long (Long), and H-Unit Manager Amina McCown (McCown) (collectively, Respondents) to Carlos Sanchez's (Sanchez) pro se Petition for Review (Petition) filed in this Court's original jurisdiction.[1]  After

---

[1] Sanchez originally filed this action in the Montgomery County Common Pleas Court (Common Pleas). By September 7, 2023 order, Common Pleas granted DOC's Motion to Transfer the matter to this Court. By October 20, 2023 Order, this Court directed that this matter shall be treated as a Petition for Review addressed to this Court's original jurisdiction.

review, this Court sustains the Preliminary Objections in part and overrules them in part.

Sanchez is an inmate at the State Correctional Institution (SCI) at Phoenix (SCI-Phoenix). On April 8, 2021, Sanchez submitted a DOC ADM-815-A Outside Purchase Approval Form, and a DOC ADM-DC-135 $200.00 Cash Slip seeking permission to purchase orthopedic sneakers (Request). On April 8, 2021, McCown approved Sanchez's Request, checking a box on the form directly following the statement: "This approval is conditional. If the article is not authorized, disapproved, or fails to meet the requirements of [DOC] policy . . . it will be returned to the sender at the inmate's expense." Petition, Appendix B-1. On April 15, 2021, DOC deducted $200.00 from Sanchez's inmate account. On July 21, 2021, McCown notified Sanchez that his sneakers had arrived at SCI-Phoenix's mail room. Notwithstanding, Long withheld the sneakers from Sanchez.

On July 26, 2021, Sanchez filed Grievance No. 938127, requesting that Respondents provide the sneakers to Sanchez or otherwise reimburse him for their cost. On August 12, 2021, a grievance officer denied Grievance No. 938127, reasoning that Sanchez had purchased the sneakers through an unauthorized vendor. The grievance officer acknowledged that McCown had approved Sanchez's outside purchase request, but explained that the vendor was not an authorized vendor, and that final approval is made upon inspection when the item is received. Because the vendor was unauthorized, Long was required to deny the non-approved item and did so in compliance with DOC's policy. On August 20, 2021, Sanchez filed an appeal which the Facility Manager denied on September 10, 2021. On September 18, 2021, Sanchez filed an appeal for final review to the Secretary's Office of Inmate Grievances and Appeals (OIGA). On December 6, 2021, the OIGA upheld the prior responses denying Grievance No. 938127.

On April 15, 2022 and May 20, 2022, Sanchez submitted a DC-138A Cash Slip to Long requesting to have Respondents mail the sneakers to his home. On July 4, 2022, Sanchez filed Grievance No. 988247, alleging that SCI-Phoenix's mail room threw away the sneakers without providing him sufficient time to provide a cash slip to have them sent to his home. Following several appeals, on September 4, 2022, DOC issued a Final Appeal Decision denying Grievance No. 988247. On January 27, 2023, Sanchez filed the Petition in the trial court seeking compensatory and punitive damages for negligence and assumpsit. On September 7, 2023, the trial court transferred the matter to this Court. On November 14, 2023, DOC filed the Preliminary Objections challenging the Petition's legal sufficiency.

Initially, Pennsylvania Rule of Appellate Procedure 1516(b) authorizes any party to file preliminary objections to an original jurisdiction petition for review for the reasons specified in Pennsylvania Rule of Civil Procedure (Civil Rule) 1028. *See* Pa.R.A.P. 1516(b). Civil Rule 1028(a) authorizes any party to file preliminary objections based on "legal insufficiency" (demurrer). Pa.R.Civ.P. 1028(a)(4).

> In ruling on preliminary objections, [this Court] must accept as true all well-pleaded material allegations in the petition for review, as well as all inferences reasonably deduced therefrom. Th[is] Court need not accept as true conclusions of law, unwarranted inferences from facts, argumentative allegations, or expressions of opinion. In order to sustain preliminary objections, it must appear with certainty that the law will not permit recovery, and any doubt should be resolved by a refusal to sustain them.
>
> A preliminary objection in the nature of a demurrer admits every well-pleaded fact in the [petition for review] and all inferences reasonably deducible therefrom. It tests the legal sufficiency of the challenged pleadings and will be sustained only in cases where the pleader has clearly failed to state a claim for which relief can be granted. When ruling on a demurrer, a court must confine its analysis to the [petition for review].

3

*McNew v. E. Marlborough Twp.*, 295 A.3d 1, 8-9 (Pa. Cmwlth. 2023) (quoting *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citations omitted)). "'[C]ourts reviewing preliminary objections may not only consider the facts pled in the [petition for review], but also any documents or exhibits attached to it.' *Allen v. Dep't of Corr.*, 103 A.3d 365, 369 (Pa. Cmwlth. 2014)." *Foxe v. Pa. Dep't of Corr.*, 214 A.3d 308, 310 n.1 (Pa. Cmwlth. 2019).

> Further,

> [w]hile ordinarily a demurrer must be limited to facts appearing on the face of the challenged pleading, "a limited exception to the rule against speaking demurrers exists for documents filed in support of a demurrer where a plaintiff has averred the existence of certain written documents and premised his cause of action upon those documents."[2]

*Richardson v. Wetzel*, 74 A.3d 353, 358 n.4 (Pa. Cmwlth. 2013) (quoting *Barndt v. Dep't of Corr.*, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006)). "Thus, th[is] [C]ourt may determine only whether, on the basis of the [petitioner's] allegations, he or she possesses a cause of action recognized at law." *Fraternal Ord. of Police Lodge No. 5, by McNesby v. City of Phila.*, 267 A.3d 531, 541 (Pa. Cmwlth. 2021).

Respondents first contend that Sanchez has failed to assert sufficient personal involvement in the alleged wrongdoing with respect to Little, Sorber, and McCown. DOC further asserts that Sanchez does not make allegations of Little's actual personal involvement but, rather, attempts to apply a chain-of-command liability theory.

---

[2] Although Sanchez did not attach copies of Grievance Nos. 938127 and 988247 to his Petition, Respondents attached DOC's Initial Review Responses, the Facility Manager's Appeal Responses, and the Final Appeal Decisions for those Grievances to their Preliminary Objections. This Court considers them since Sanchez repeatedly references them in his Petition. *See Richardson v. Wetzel*, 74 A.3d 353 (Pa. Cmwlth. 2013).

4

> The Pennsylvania Supreme Court has held that a public employee is not vicariously liable for the actions of subordinates simply because the subordinate is in the employee's chain of command. *DuBree v. Commonwealth*, . . . 393 A.2d 293, 295-96 ([Pa.] 1978). . . . A public employee's participation in reviewing grievances and grievance appeals does not constitute personal involvement. If no personal involvement is averred, the public employee is immune from suit.[3] *DuBree*, 393 A.2d at 296.

*Moody v. Wenerowicz* (Pa. Cmwlth. No. 376 C.D. 2021, filed May 31, 2023), slip op. at 16 (citation omitted).

> With respect to Little, Sanchez alleges in the Petition:

> 24. On July 21, 2021[,] [] Little failed to create a policy, custom[,] or procedure to ensure the security, care[,] or safety of [Sanchez's] personal property during the course of the unusual confiscation of [Sanchez's] personal prop[]erty. This caused certain property item[]s of [Sanchez] valued in the sum of $200.[00] to get lost and or distroyed [sic] while in the hands of [Respondents] Long, Sorber, and McCown.

> 25. [] [Sanchez] made [] Little aware of the missing personal property item some[]time after the unusual confiscation, through the grievance system and the appeal to [OIGA].

---

[3] The providing of a prison grievance system does not confer constitutional rights on inmates concerning the handling of grievances and **no cause of action exists for improper investigation or handling of an inmate grievance**. The law is also clear that the General Assembly's waiver of sovereign immunity applies only to claims for compensatory damages and that claims for punitive damages against the Commonwealth and its agencies and employees are barred.

*Owens v. Commonwealth* (Pa. Cmwlth. No. 2624 C.D. 2015, filed Sept. 23, 2016), slip op. at 7 (citations omitted; emphasis added). This Court's unreported memorandum opinions issued after January 15, 2008 may be cited "for [their] persuasive value, but not as binding precedent." Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a). The unreported opinions referenced herein are cited for their persuasive value.

26. At this point, [] Little had administrative involvement in the handling of [Sanchez's] personal property[,] but Little failed to correct the loss of [Sanchez's] personal property item listed in Missing Item and Sought Damages [sic], while in the hands of [] Sorber, Long, and McCown. This caused [Sanchez] to continue to suffer a loss of certain property item[]s valued at the cost of $200.[00.]

Petition at 3.

DOC avers that Sanchez's allegations regarding Sorber similarly lack reference to Sorber's personal involvement. Regarding Sorber, Sanchez avers:

27. On July 21, 2021[,] [] Sorber was the Facility Manager of SCI-Phoenix and was responsible for the care, custody or control of [Sanchez's] personal property.

28. [] [Sanchez] made [] Sorber aware of the missing personal property item some[]time after the unusual confiscation, by reporting the incident through the grievance system and the appeal to the Facility [M]anager.

29. At this point, Sorber filed [sic] to correct the loss of certain property item[]s listed in Section Missing Item and Sought Damages [sic], while in the hands of Long and McCown. This caused [Sanchez] to conti[nue] to suffer a loss of certain property item[]s valued at the cost of $200[.00].

30. On July 21, 2021[,] [] Sorber failed to intervene, supervise, and ensure that [] Long followed the relevant procedure mandated by [DOC] Policy . . . , despite [] Sorber being in the best position to correct the problem.

Petition at 4.

With respect to Little and Sorber, the Petition does not include facts averring personal involvement beyond their role in the chain of command. Accordingly, this Court agrees that Sanchez has not pled facts that would permit recovery as against Little and Sorber. Thus, this Court sustains Respondents' Preliminary Objections with respect to Little and Sorber and dismisses them from the instant action with prejudice.

6

Unlike Sanchez's references to Little and Sorber in the Petition, Sanchez's allegations regarding McCown reflect McCown's personal involvement in approving Sanchez's Outside Purchase Approval Form, which approval DOC acknowledged was erroneous. *See* Petition at 2; Preliminary Objections, Ex. A. Reliant on said approval, Sanchez effectuated the purchase, which caused the sneakers to be delivered to the SCI-Phoenix mail room. Accordingly, this Court concludes that Sanchez has pled sufficient facts to establish McCown's personal involvement.

Respondents also argue that Sanchez fails to assert a negligence claim and, thus, sovereign immunity bars his claim. Section 8522(b)(3) of the act known as the Sovereign Immunity Act states that "the defense of sovereign immunity shall not be raised to claims for damages caused by . . . [t]he care, custody[,] or control of personal property in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency. . . ."[4]  42 Pa.C.S. § 8522(b)(3).

> Although the Commonwealth and its agencies are generally shielded by the defense of sovereign immunity, our General Assembly has waived that defense "as a bar

---

[4] [Where a prisoner] sets forth a **claim for damages** to his [property] **caused by the care** of the [property] while it was **in the possession of Commonwealth parties**[,] [b]ased on the plain language of [S]ection 8522(b)(3) [of the Sovereign Immunity Act], the state employees may not raise sovereign immunity as a defense . . . . *See Payton v. Horn*, 49 F. Supp. 2d 791 (E.D. Pa. 1999) (holding that [S]ection 8522(b) [of the Sovereign Immunity Act] provides a remedy for inmates when a prison official negligently handles an inmate's personal property).

*Williams v. Stickman*, 917 A.2d 915, 918 (Pa. Cmwlth. 2007) (footnote omitted).

7

to an action against Commonwealth parties[] for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury [was] caused by a person not having available the defense of sovereign immunity." 42 Pa.C.S. § 8522(a). Thus, "[t]o impose liability on a Commonwealth party, (1) the alleged negligent act must involve a cause of action that is recognized at common law or by a statute, and (2) the case must fall within one of [the] exceptions to sovereign immunity listed in Section 8522(b)" of . . . the Sovereign Immunity Act. *Bufford v. Pa. Dep't of Transp.*, 670 A.2d 751, 753 (Pa. Cmwlth. 1996) (citing 42 Pa.C.S. § 8522(b)).

*Young v. Wetzel*, 260 A.3d 281, 289 (Pa. Cmwlth. 2021) (footnotes omitted).

In contrast to negligent conduct, "[s]overeign immunity is not waived for intentional acts committed by a Commonwealth employee acting within the scope of his or her employment." *Paluch v. Pa. Dep't of Corr.*, 175 A.3d 433, 438 (Pa. Cmwlth. 2017).

Regarding Long, Sanchez alleges:

18. [] Long was the mail room officer at all times during and when [Sanchez's] orthopedic sneakers arrived at SCI-Phoenix and was responsible to oversee and handle [Sanchez's] personal property with care to ensure inmates['] personal property is inventoried as mandated by [DOC policy].

19. On July 21, 2021[,] [] Long was responsi[]ble to ensure [Sanchez's] per[so]nal property was to be delive[re]d after it was inspected and inventoried . . . .

20. [] Long refused to turn over [Sanchez's] orthopedic sneakers to him despite [Sanchez's] me[di]cal approval to have them. [] Long continues to hold possession of [Sanchez's] personal property.

21. [] Long maintains possession of [Sanchez's] personal property without issuing [Sanchez] a [DOC] confiscation slip.

8

22. On July 21, 2021[,] [] Long failed to provide [Sanchez] with a[] confiscation slip or deliver [Sanchez's] personal property which is valued at $200[.00] after [Sanchez's] property was delive[re]d and turned over to [] Long.

23. On July 21, 2021[,] [] Long failed to follow the procedures and measures of [DOC policies] and was the result of incompetence, carelessness, or oversight on the part of [] Long.

Petition at 3.

Respondents contend that Long's actions were not negligent but, rather, if tortious, are *intentional* torts. "Simply labeling the claim as one sounding in negligence does not make it so where the harm is alleged to have been caused by the Department's [intentional] actions . . . ." *Johnson v. Wetzel*, 238 A.3d 1172, 1181 (Pa. 2020). This Court has defined negligence "as the failure to exercise that care a reasonable person would exercise under the circumstances." *Lauer v. Millville Area Sch. Dist.*, 657 A.2d 119, 121 (Pa. Cmwlth. 1995). In contrast, "conduct which is *undertaken* with a particular end in view is not negligent conduct, it is intentional conduct." *Commonwealth v. Potter*, 386 A.2d 918, 924 (Pa. 1978). Notwithstanding Sanchez's characterization of Respondents' conduct as "the result of incompetence, carelessness, or oversight," DOC's grievance responses reveal Sanchez's claims that Long **intentionally refused** to produce the sneakers to Sanchez because they were not from an approved vendor, despite that McCown had approved the purchase. Petition at 3. Specifically, the Department's Initial Review Response informed Sanchez:

You may only purchase shoes from Correctional Industries [(CI)] or through Mike's Better Shoes only for those with special shoe size needs not available through CI. DC[-]ADM 815 reads, "An inmate is permitted to purchase approved items from Approved Vendors. The facility will disapprove and decline to accept any purchases not in compliance with this policy." Therefore, [] Long was accurate with confiscating the sneakers.

9

Secondarily, in further accordance with DC[-]ADM 815, "all purchases must be approved prior to being ordered." It is understood that [] McCown approved your outside purchase request. However, "final approval is made upon inspection when the item is received." Therefore, the final inspection by [] Long caught the error made by [] McCown and denied the non-approved items. Additionally, the institution maintains the right to decline any package that does not conform to the outside purchase policy.

Preliminary Objections, Ex. A, Initial Review Response at 1.

As described, Long's confiscation of Sanchez's sneakers was "*undertaken* with a particular end in view" – to prevent Sanchez from possessing unapproved sneakers in violation of Department policy. *Potter*, 386 A.2d at 924. It was thus intentional conduct. Because Sanchez alleges Long's intentional conduct was within the scope of his duties, rather than negligence, this Court sustains Respondents' Preliminary Objections with respect to Sanchez's negligence claim against Long and dismisses the claim with prejudice as to Long.

In their brief, Respondents rely on McCown's purported lack of personal involvement beyond approving Sanchez's sneaker purchase to demonstrate that McCown is not liable to Sanchez for negligence. According to Respondents, "[Sanchez] has failed to establish sufficient personal involvement on behalf of [] McCown in the alleged negligent conduct that resulted in his orthopedic sneakers being improperly confiscated." Respondents Br. at 14. Respondents raise no other objection to Sanchez's negligence claim against McCown. Notwithstanding, having concluded that Sanchez has alleged McCown's adequate personal involvement, this Court overrules Respondents' Preliminary Objections with respect to Sanchez's negligence claims against McCown.

10

Respondents next assert that this Court must dismiss Sanchez's assumpsit claim because there is no contractual relationship between Sanchez and Respondents.

This Court has explained: "An action in assumpsit is a common law action in which a plaintiff claims that a defendant breached an express or implied promise to perform some act or make a payment to another." *Jordan v. Overmyer* (Pa. Cmwlth. No. 1863 C.D. 2017, filed Oct. 11, 2018), slip op. at 12 (citing Black's Law Dictionary 133 (8th ed. 2004)). "The subject matter for each of [Sanchez's] claims . . . is controlled by [DOC] policies and procedures. Such policies and procedures do not create a contractual relationship between [DOC] and an inmate. [*See*] *Oatess v. Beard*, . . . 576 A.2d 398, 400 ([Pa. Super.] 1990)." *Brown v. Dep't of Corr.* (Pa. Cmwlth. No. 1155 C.D. 2016, filed Aug. 8, 2017), slip op. at 3 (footnote omitted); *see also Martin v. Clark* (Pa. Cmwlth. No. 74 C.D. 2018, filed July 27, 2018); *Brown v. York Cnty. Prison* (Pa. Cmwlth. No. 590 C.D. 2016, filed Oct. 16, 2017).

Here, the process governing Sanchez's purchase and the approval and handling of his sneaker shipment were all governed by DOC policies, including those described on the approval form characterizing the approval as "conditional." Petition, Appendix B-1. No contract was created by Respondents' actions conducted in accordance with DOC policies. *See Brown.* Therefore, this Court sustains Respondents' Preliminary Objections as to Sanchez's assumpsit claim and dismisses such claims with prejudice as to all Respondents.

For all of the above reasons, this Court sustains in part and overrules in part Respondents' Preliminary Objections. This Court (1) sustains the Preliminary Objections for failure to state valid negligence claims against Little, Sorber, and Long and dismisses Sanchez's claim with prejudice as to those Respondents; (2) overrules Respondents' Preliminary Objections as to McCown; and (3) sustains

11

Respondents' Preliminary Objections with respect to Sanchez's assumpsit claim and dismisses that claim with prejudice as to all Respondents.

_____

ANNE E. COVEY, Judge

Carlos Sanchez,                      :
              Petitioner          :
                                   :
              v.                    :
                                   :
Pennsylvania Department of       :
Corrections; George M. Little,      :
Secretary of Pennsylvania Department   :
of Corrections; Jamie Sorber,       :
Superintendent; Kelly Long, Mail Room :
Supervisor; and Amina McCown,     :
H-Unit Manager,               :    No. 451 M.D. 2023
              Respondents     :

## O R D E R

AND NOW, this 25th day of September, 2024, Pennsylvania Department of Corrections (Department), George M. Little (Little), Jamie Sorber (Sorber), Kelly Long (Long) and Amina McCown's (McCown) (collectively, Respondents) Preliminary Objections to Carlos Sanchez's (Sanchez) Petition for Review (Petition) are sustained in part and overruled in part. Respondents' Preliminary Objections challenging Sanchez's negligence claims are SUSTAINED and Sanchez's negligence claims are DISMISSED with prejudice as to Little, Sorber, and Long. Respondents' Preliminary Objections with respect to Sanchez's negligence claim against McCown are OVERRULED, and McCown and the Department are DIRECTED to file an answer to the Petition within 30 days. Respondents' Preliminary Objections to Sanchez's assumpsit claim are SUSTAINED and the assumpsit claim is DISMISSED with prejudice as to all Respondents.

 

                              _____
                              ANNE E. COVEY, Judge