IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Fennell,                         :
                    Petitioner          :
                                        :
            v.                          : No. 290 M.D. 2023
                                        : Submitted: July 7, 2025
SCI Camp Hill Superintendent,           :
                    Respondent          :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge


<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WALLACE                              FILED:  September 3, 2025


        Robert Fennell (Fennell), *pro se*, has filed in this Court's original jurisdiction a Petition for Writ of Mandamus and Extraordinary Relief (Petition), contending the Superintendent of the State Correctional Institution at Camp Hill (SCI Camp Hill) is enforcing an incorrect criminal sentence against him.  The Superintendent has filed a preliminary objection, responding that the sentence Fennell is serving is consistent with his sentencing orders and other evidence.  After careful review, we overrule the Superintendent's preliminary objection.

## BACKGROUND

        Fennell filed his Petition on June 21, 2023, requesting that the Court order the Superintendent to release him on February 25, 2025, from his incarceration at docket number CP-51-CR-0406281-2005.  Specifically, Fennell avers he was convicted on

September 25, 2006, of aggravated assault, robbery, kidnapping, burglary, unlawful restraint, and conspiracy. Fennell alleges he was sentenced to an aggregate term of 20 to 40 years of incarceration that same day, but was then resentenced on November 15, 2006, and December 4, 2006, resulting in an aggregate term of 10 to 20 years of incarceration. According to Fennell, the Superintendent refuses to enforce or request a copy of the current sentencing order and instead continues to enforce the 20-to-40-year aggregate sentence imposed on September 25, 2006. Fennell supports his claim with sentencing orders dated November 15, 2006,[1] and a memorandum opinion from the Pennsylvania Superior Court, describing his aggregate sentence as 10 to 20 years of incarceration imposed on December 4, 2006.[2] *See Commonwealth v. Fennell* (Pa. Super., No. 2280 EDA 2020, filed Oct. 6, 2022), slip op. at 2.

The Superintendent filed a preliminary objection in the nature of a demurrer on August 29, 2023. The Superintendent contends Fennell received a 20-to-40-year aggregate sentence, citing Fennell's sentencing orders, public docket, and DC-300B form. Superintendent's Br. at 13-15. The Superintendent argues the Department of Corrections cannot parole Fennell because that decision is within the sole authority of the Pennsylvania Parole Board, and contends Fennell is serving other sentences consecutive to CP-51-CR-0406281-2005. *Id.* at 13-17. Further, the Superintendent argues Fennell has or had alternative remedies for challenging his sentence, such as requesting modification or filing a direct appeal, post-conviction petition, or petition

---

[1] Fennell's sentencing orders are not captioned as "orders" but appear to be worksheets signed by the sentencing judge.

[2] Other documents included with the Petition reveal Fennell first attempted to bring this action in the Court of Common Pleas of Cumberland County, which concluded it lacked jurisdiction.

2

requesting that the sentencing court correct obvious or patent errors in its sentencing orders.[3]  *Id.* at 18.

**DISCUSSION**

This Court must sustain a preliminary objection in the nature of a demurrer if "it is clear and free from doubt that the law will not permit recovery under the facts alleged."  *Comrie v. Dep't of Corr.*, 142 A.3d 995, 1000 n.10 (Pa. Cmwlth. 2016). We limit our review to Fennell's Petition and any attached documents or exhibits. *See Freemore v. Dep't of Corr.*, 231 A.3d 33, 37 (Pa. Cmwlth. 2020).  Additionally, although "we accept as true all well-pleaded material allegations in the petition . . . and any reasonable inferences that we may draw from the averments," we need not accept legal conclusions, unwarranted factual inferences, argumentative allegations, or opinions.  *Williams v. Wetzel*, 178 A.3d 920, 923 (Pa. Cmwlth. 2018).

Mandamus relief "is available only to compel the performance of a ministerial act or mandatory duty where there exists no other adequate and appropriate remedy[,] there is a clear legal right in the plaintiff, and a corresponding duty in the defendant."  *McCray v. Pa. Dep't of Corr.*, 872 A.2d 1127, 1131 (Pa. 2005).  The computation of a criminal sentence is a question of law that involves no exercise of discretion, and it is the Department of Corrections' duty to enforce the sentences that our courts impose.  *Commonwealth ex rel. Powell v. Pa. Dep't of Corr.*, 14 A.3d 912, 915 (Pa. Cmwlth. 2011).  Therefore, a prisoner may request mandamus relief to compel the correct computation of his or her sentence.  *Id.*

---

[3] Fennell has not filed a brief in opposition to the preliminary objection, despite several extensions from this Court.  Nonetheless, we note that "[p]reliminary objections should not be sustained solely on the ground that the preliminary objections are uncontested or unopposed."  *Joloza v. Dep't of Transp.*, 958 A.2d 1152, 1155 (Pa. Cmwlth. 2008) (quoting *Schuylkill Navy v. Langbord,* 728 A.2d 964, 965 (Pa. Super. 1999)).

Upon review, the sentencing orders attached to Fennell's Petition indicate he was sentenced to concurrent terms of incarceration that included: (1) 10 to 20 years for aggravated assault, (2) 5 to 10 years for a second count of aggravated assault, (3) 10 to 20 years for kidnapping, (4) 10 to 20 years for robbery, and (5) either 1 to 2 or 2 to 4 years for numerous counts of unlawful restraint. Moreover, Fennell received a sentence of "no further penalty" for burglary. These orders support Fennell's claim that he received an aggregate sentence of 10 to 20 years.

Conspicuously absent from the sentencing orders Fennell provides, however, is the sentence he received for conspiracy. Fennell acknowledges he was convicted of conspiracy in his Petition. Pet., 6/21/23, ¶ 1. The Superintendent provides what is purportedly the missing order for Fennell's conspiracy conviction, which states he received a sentence of "no less than (10) ten years nor more than (20) years *to run consecutive with* Bill #1," i.e., the 10-to-20-year term of incarceration for aggravated assault.[4] Prelim. Objs., 8/29/23, Ex. C at Charge 57 (emphasis added). This supports the conclusion that Fennell received an aggregate sentence of 20 to 40 years.

In addition, we may take judicial notice of the information in Fennell's public dockets. *See Moss v. SCI - Mahanoy Superintendent Pa. Bd. of Prob. & Parole*, 194 A.3d 1130, 1137 n.11 (Pa. Cmwlth. 2018). The docket at CP-51-CR-0406281-2005 indicates Fennell received an aggregate sentence of 20 to 40 years of incarceration, when taking his sentence for conspiracy into account. The docket indicates Fennell

---

[4] Despite the general rule that we must limit our review to the Petition and any attached documents or exhibits, we may also consider "documents filed in support of a demurrer where a [petitioner] has averred the existence of certain . . . documents and premised his cause of action upon those documents." *Richardson v. Wetzel*, 74 A.3d 353, 358 n.4 (Pa. Cmwlth. 2013) (quoting *Barndt v. Dep't of Corr.*, 902 A.2d 589, 591 n.2 (Pa. Cmwlth. 2006)). Here, Fennell avers the existence of, and premises his cause of action upon, his conviction for conspiracy and the sentencing documents dated November 15, 2006.

was sentenced only once on November 15, 2006, and does not reflect a resentencing on December 4, 2006.

The Superior Court's memorandum opinion provides, in contrast, that Fennell "was sentenced to serve a term of imprisonment of ten to twenty years on December 4, 2006." *Fennell*, slip op. at 2. The Superior Court has described Fennell's sentence as 10 to 20 years of imprisonment in the aggregate on at least one other occasion. *See Commonwealth v. Fennell*, 180 A.3d 778, 780 (Pa. Super. 2018) (en banc) (stating Fennell was "sentenced . . . on November 15, 2006 to an aggregate term of imprisonment of ten to 20 years"). The documents now before this Court do not support or explain the Superior Court's description of Fennell's sentence.[5]

Ultimately, we conclude it would be premature to sustain the Superintendent's preliminary objection and dismiss Fennell's Petition at this stage of the proceedings. Fennell is serving an aggregate sentence of 20 to 40 years of incarceration at CP-51-CR-0406281-2005, but he may have received an aggregate sentence of 10 to 20 years of incarceration, according to the Superior Court's description. If the Superior Court is correct, Fennell may be entitled to recalculation of his sentence. It is possible the Superior Court described Fennell's sentence incorrectly. However, we will overrule the preliminary objection out of an abundance of caution. This will provide Fennell with a final opportunity to gather evidence in support of his claims, if any evidence exists, and allow the Superintendent to investigate the matter further, after which the parties may file dispositive motions for the Court's consideration.

---

[5] On another occasion, the Superior Court stated the length of Fennell's sentence was unclear. *See Commonwealth v. Fennell* (Pa. Super., No. 1748 EDA 2011, filed Apr. 16, 2012), slip op. at 1 n.1.

## CONCLUSION

Accordingly, we will overrule the Superintendent's preliminary objection and direct the Superintendent to file an answer within 30 days.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Robert Fennell, :
               Petitioner :
                :
       v. : No. 290 M.D. 2023
                :
SCI Camp Hill Superintendent, :
               Respondent :

**O R D E R**

**AND NOW**, this 3rd day of September 2025, the preliminary objection of SCI Camp Hill Superintendent is **OVERRULED**, and SCI Camp Hill Superintendent is directed to file an answer to Robert Fennell's Petition for Writ of Mandamus and Extraordinary Relief within 30 days of the date of this order.

_____
STACY WALLACE, Judge