Thurston WELLS, Jr., a minor, by
Sheree Wells, his natural
parent and guardian

v.

**HARRISBURG AREA SCHOOL
DISTRICT, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 2005.
Decided Oct. 12, 2005.

Ann Margaret Grab, York, for appellant.

Scott W. Morgan, Harrisburg, for appellee.

BEFORE: PELLEGRINI, Judge, LEADBETTER, Judge, JIULIANTE, Senior Judge.

OPINION BY Judge LEADBETTER.

The Harrisburg Area School District (School District) appeals from the order of the Court of Common Pleas of Dauphin County (common pleas) denying its motions for post-trial relief and entering judgment on a jury verdict in favor of

Thurston Wells, Jr., a former student in the School District who severely injured his hand when using a table saw during a woodshop class.[1] The primary arguments raised on appeal are that: (1) common pleas erred in failing to allow and consider additional evidence before concluding as a matter of law that the table saw constituted realty, thereby allowing Wells' claim to proceed under the real property exception to governmental immunity; (2) Wells failed to prove that the saw was dangerous and the cause of his injuries; and (3) common pleas erred in allowing evidence of the woodshop teacher's negligent supervision of Wells.[2] We affirm.[3]

■ We note that local government agencies, such as school districts, are generally immune from tort liability under the Act commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. §§ 8541–8542. *See* Section 8541. There are limited exceptions to such immunity. Section 8542 provides that an injured party may recover in tort from a local governmental agency if:

(1) damages would be otherwise recoverable under common law or statute; (2) the injury was caused by the negligent act of the local agency or an employee acting within the scope of his official duties; and (3) the negligent act of the

local agency falls within one of eight enumerated categories.

*Cureton v. Philadelphia Sch. Dist.*, 798 A.2d 279, 283 (Pa.Cmwlth.2002), *appeal denied*, 573 Pa. 666, 820 A.2d 704 (2003) (citing 42 Pa.C.S. § 8542). As this court noted in *Cureton*, Section 8542 includes an exception to immunity for the "care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency." *Id.* [quoting 42 Pa.C.S. § 8542(b)(3)]. This is the exception at issue in the present case.

On April 14, 2000, Wells, an eleventh grade student, severely injured his left hand[4] during a woodshop class while attempting to "groove cut" a piece of wood using a table saw.[5] At the time of the accident, Wells was using the school's table saw, which was equipped with a blade guard that could not be used during a groove cut. Therefore, the blade was exposed when events caused Wells' hand to come into contact with the moving blade.[6] Consequently, Woods, through a guardian, filed a personal injury action against the School District, contending that the School District was negligent in, *inter alia*, "[r]e-

1. The School District sought judgment notwithstanding the verdict (j.n.o.v.) or a new trial.

2. The class was taught by a Mr. Thompson.

3. Although we engage in a review of only those facts necessary to our disposition here, common pleas' opinion filed March 28, 2005, describes Wells' accident, injury and the evidence presented at trial in extensive detail.

4. Wells lost his ring finger, the tips of his thumb and small finger and sustained serious injury to his middle finger, rendering it useless.

5. "A groove cut is ... a trough which is cut into the surface of a piece of wood, the depth of which trough is less than the overall thickness of the wood." Common pleas' op. at 3 (filed March 28, 2005). Thus, a groove cut does not split the wood into two pieces.

6. The piece of wood that Wells was groove cutting "kicked back" at him, hitting him in the stomach and causing him to lose his balance. Wells' hand was injured when it came into contact with the moving blade while he was trying to regain his balance. Testimony at trial established that the wood could have been traveling over 100 miles per hour when it hit Wells.

moving the [] guard from the table saw"; "[d]irecting [Wells] to use a table saw that was missing a protective guard over the blade"; "[a]llowing [Wells] to use the said table saw without a protective guard over the blade"; and "[f]ailing to ensure that students such as [Wells] did not use a dangerous wood cutting item, like the aforesaid table saw, without appropriate safe guards and safety measures in place." Complaint at ¶ 14. In its answer and new matter, the School District pled the affirmative defense of governmental immunity under the Tort Claims Act.

Following discovery, the School District filed a motion for summary judgment, contending in part that the removable table saw was not a part of the realty and that none of Wells' claims fell within the enumerated exceptions to governmental immunity. In its brief, the School District also argued that the record was devoid of any evidence suggesting that it intended the table saw to be permanently affixed to the classroom. In opposition to the motion, Wells averred that the evidence demonstrated that the saw was: (1) installed before 1985; (2) bolted to the floor; (3) "hard wired" through a metal conduit running through the woodshop/classroom floor that fed into a breaker box electrical panel; and (4) attached to a dust collection system by flexible tubing that connected to a vacuum blower located outside of the building and that such connection was performed by an outside contractor.[7] Based upon these facts, Wells argued in opposition to the motion that the table saw was a fixture, which fell within the real property exception.[8] Common pleas denied the motion for summary judgment without rendering an opinion.

Thereafter, in preparation for trial, the School District filed a supplemental motion in limine, noting that the issue of whether the table saw was personalty or real property was a question of law to be based upon facts pertaining to the School District's "manifest conduct." Based upon this legal principle, the School District requested that common pleas, "after consideration of factual testimony" rule specifically on the issue of whether or not the table saw . . . "constitutes personal or real property."[9] *See* supplemental motion in limine. While there is no specific order in the record, common pleas obviously denied the motion.

After a trial before a jury, the jury found in favor of Wells and awarded him $240,000. The verdict was later molded to reflect Wells' comparative negligence, and delay damages were awarded, rendering a final award in the amount of $228,124.24. The School District's subsequent post-trial motions were denied and judgment was entered for Wells. The present appeal then followed.[10]

---

7. There is also apparently no dispute that the saw has not been moved since 1985.

8. Both parties supported their position with excerpts from Mr. Thompson's deposition.

9. Interestingly, in an earlier motion in limine, the School District argued, inter alia, that Wells' claim did not fall within any of the exceptions to immunity and that the table saw was not realty because it could be unbolted, disconnected and moved to any location the school desired.

10. Recently, in *Cummings v. State System of Higher Education*, 860 A.2d 650 (Pa.Cmwlth. 2004), *appeal denied*, 582 Pa. 703, 871 A.2d 193 (2005), this court reiterated the standard for determining whether common pleas erred in denying post-trial relief, stating:

> The burden is high upon one who seeks to reverse a trial court's decision to deny a request for a new trial or for [j.n.o.v.]. A new trial will be granted only if the trial court abused its discretion or committed an error of law that controlled the outcome of the case. An abuse of discretion will not be found merely because the appellate court

■ The School District first argues that common pleas erred in concluding that the table saw constituted real property without holding an evidentiary hearing on the issue. According to the School District, it was prepared to offer testimony regarding: (1) other table saws owned by it, which were hardwired and bolted to the floor and later moved due to flooding; (2) its conduct with other similarly affixed equipment such as cafeteria refrigerators; and (3) its reasons for affixing the table saw in the manner it had been affixed.

■ In *Cureton,* which is not only the primary case relied upon by common pleas but also directly on point, this court set forth the law applicable to determining whether property, which is physically connected to real estate but still removable if desired, is considered part of the real estate for purposes of the relevant exception to immunity. There, the court stated:

> There are three types of chattels used in connection with real estate, the third, which is applicable here, being those chattels which, although physically connected with the real estate, are so affixed as to be removable without destroying or materially injuring the chattels themselves, or the property to which they are annexed. These become part of the realty or remain personalty, depending upon the intention of the parties at the time of the annexation. In this class fall such chattels as boilers and machinery affixed for the use of an owner or tenant but readily removable.

> It is well settled that consideration of the intention of an owner regarding whether a chattel has been permanently

placed on real property is relevant only where the chattel has in fact been affixed to the realty. In determining intent, it is what intended use of the property was manifested by the conduct of the party that must be considered.

798 A.2d at 283 (citations, quotations and footnote omitted). "[T]he question of whether property is realty or personalty, is a question of law to be based on the facts as to the property owner's *manifest conduct.*" *Wilson v. Ridgway Area Sch. Dist.,* 141 Pa.Cmwlth. 607, 596 A.2d 1161, 1164 (1991) (emphasis added).

In *Cureton,* the student lost a finger in 1996 while cleaning a scroll saw at school. The evidence demonstrated that the shop teacher typically turned off the main power switch to the machines in order to allow the students to clean them. However, the teacher failed to turn off the power while the student was cleaning the machine. After cleaning the saw, the student turned it on to see if any dust had remained after cleaning the machine. When the student turned the saw on, his shirttails got caught in the saw's pulleys as did his finger when he tried to free his shirt. Consequently, the finger was amputated. Following a non-jury trial and verdict in favor of the student, the school district appealed to this court, contending that there was no evidence that it intended to leave the scroll saw in a particular location or permanently affix the saw to the realty. We disagreed, noting that common pleas found that: (1) the saw had been in the same place since 1987; (2) the saw was permanently hardwired through the building and there was only one main power supply, which fed the shop class; (3) the saw was bolted to the

---

might have reached a different conclusion; it requires a showing of manifest unreasonableness, partiality, prejudice, bias, or ill-will, or such lack of support as to be clearly erroneous. A [j.n.o.v.] should only be entered in a clear case, with any doubt resolved in favor of the verdict winner. A [j.n.o.v.] is appropriate where the evidence, and all inferences drawn therefrom, viewed in the light most favorable to the verdict winner is insufficient to sustain the verdict. *Id.* at 654 (citations and footnotes omitted).

floor with four bolts; and (4) the saw was never removed from the shop classroom. Thereafter, common pleas considered: (1) the nature of the saw; (2) the status of the annexor with respect to the real property; (3) the manner of annexation; and (4) the use for which the saw had been installed. Based upon the above facts and factors of intent, the court concluded that the saw constituted real property. We concluded common pleas had not erred. 798 A.2d at 283–84.

Here, common pleas concluded that an evidentiary hearing was not necessary because there were not any significant disputed facts regarding the table saw and its connection to the classroom and that *Cureton* was virtually indistinguishable. Common pleas held that post-accident assertions to explain why the saw was bolted to the floor were contrary to the analysis espoused in *Cureton,* which instructs that *pre-accident conduct* is demonstrative of intent.

We need not decide whether common pleas erred in failing to hold an evidentiary hearing in this particular case because the testimony that the School District asserts it wanted to offer would not change the result. Specifically, the fact that other similarly affixed table saws were moved following a flood is not dispositive of pre-accident intent because any property capable of being saved following a flood will be moved if possible even if intended to be a permanent fixture at the time of installation. Moreover, evidence of the School District's manifest conduct with respect to other equipment not located in the woodshop classroom is not dispositive of intent with respect to the saw at issue. Finally, we agree that *Cureton* instructs that the relevant evidence of intent is the *manifest conduct* of the property owner; therefore, evidence explaining why the saw was in-

stalled in that manner cannot overcome evidence of a clear pattern of many years of actual conduct. Accordingly, if any error occurred, it was harmless.

■ Next, the School District contends that Wells failed to prove that a dangerous condition of the realty caused his injuries. According to the School District, the evidence demonstrated that the saw was operating properly on the day of the accident and that it was manufactured and designed to be used safely without a blade guard for certain cuts such as the groove cut. The School District notes that its evidence demonstrated that most table saws are sold with a blade guard similar to the one on the table saw at Wells' school.

In *Mascaro v. Youth Study Center,* 514 Pa. 351, 523 A.2d 1118 (1987), our Supreme Court opined that:

> [T]he real estate exception to governmental immunity is a narrow exception and, by its own terms, refers only to injuries arising out of the care, custody or control of the real property in the possession of the political subdivision or its employees. Acts of the local agency or its employees which make the property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may reasonably be foreseen to be used, are acts which make the local agency amenable to suit.

*Id.* at 362, 523 A.2d at 1123–24. A review of the record reveals that Wells' expert, John Yuska, a technology teacher,[11] testified that guards are available, which can be used during a groove cut, and which would have worked with the table saw that Wells was using when he was injured. According to Yuska, the saw would need only slight modification to install the guard

---

11. Yuska's experience included teaching woodshop classes.

and that such guards are relatively inexpensive and are used in the school district where he taught. Yuska opined that the School District was negligent for failing to provide a guard that could be used with groove cuts and for allowing beginner woodworking students to make certain cuts on a saw that lacked a guard during that operation. Thus, we conclude that Wells proved at trial that the saw's lack of a guard that could be used during a groove cut made it unsafe for an activity for which it was regularly used, intended to be used, or could reasonably be foreseen to be used.

■ Intertwined with the above argument is the School District's contention that common pleas erred in allowing testimony regarding Mr. Thompson's negligent supervision of Wells while he was using the saw. In support of this contention, the School District cites various appellate decisions holding that the negligent supervision of students does not fall within a recognized exception to immunity. The School District's argument misses the mark. The exception allows recovery for the negligent care, custody and control of the realty. The School District acted through its employee, Mr. Thompson, and it was Mr. Thompson's negligent custody and control of the saw that created a dangerous condition. Specifically, the School District and Mr. Thompson provided inexperienced or novice woodworking students with a table saw that lacked adequate safety devices for the purposes for which it was used. If the saw lacked a blade guard that could be engaged during a groove cut, then students should not have been instructed to make groove cuts on the saw. Rather, the evidence demonstrates that inexperienced students were directed to use the table saw for cuts that were not safe because the saw lacked adequate safeguards for those specific types of activities. Such negligence falls directly within the ambit of the exception. *See, e.g., Grieff v. Reisinger*, 548 Pa. 13, 693 A.2d 195 (1997) (holding that the actions of a fire association member, who ignited a fire when he poured paint thinner on the fire station floor to remove paint, thereby injuring a guest, constituted negligent care of the realty within the meaning of the real property exception). *See also Cureton* (holding that where students were instructed to keep saw pulleys free from dust and plaintiff/student was given permission to clean saw on day of accident, teacher's failure to turn off main power supply while plaintiff was cleaning the saw and allowing him to access the pulleys when it was foreseeable that such posed a danger, constituted negligent care and control of the saw within the meaning of the real property exception). In other words, Mr. Thompson's conduct which the School District characterizes as negligent supervision of Wells also amounts to negligent care, custody and control of the machine. Accordingly, such evidence was properly admitted.

■■ Finally, the School District contends that common pleas erred in failing to charge the jury that Mr. Thompson's negligence should not be considered in determining whether Wells' claim fell within the real property exception to governmental immunity. As we have already stated, we disagree that Mr. Thompson's negligence was not at issue. Moreover, we have reviewed common pleas' jury instruction and conclude that no reversible error was committed.[12] "So long as the trial court prop-

---

12. Common pleas instructed the jury as follows:

In this case, the proposition which the plaintiff has set forth for your consideration

is as follows: Was the table saw that was owned by the Defendant school district and under its custody, care and control, did it present a dangerous condition for the Plain-

erly covers the law on the issues raised in the case, [the trial judge] is given wide latitude in charging the jury.... What is important is whether the charge as a whole provides a sufficient and correct legal basis to guide a jury in its deliberations." *City of Philadelphia v. Duda,* 141 Pa.Cmwlth. 88, 595 A.2d 206, 211–12 (1991) (quotations and citations omitted).

Accordingly, based upon the foregoing, judgment is affirmed.

### ORDER

AND NOW, this 12th day of October, 2005, the judgment entered by the Court of Common Pleas of Dauphin County in the above captioned matter is hereby AFFIRMED.

tiff to utilize that device on April 14, 2000. And further, that the Defendant school district was therefore negligent in its custody, care or control of such saw, and that that negligence was a substantial factor, also called a factual cause, of causing the Plaintiff's injuries....

I want you to listen very carefully.... If you find that neither the table saw itself nor the care, or custody, or control of the table saw by the Defendant Harrisburg Area School District acting through its agents, servants and employees was the cause of the Plaintiff's injuries and presented a dangerous condition to the Plaintiff, then the Defendant school district is immune from this civil lawsuit.

However, on the other hand, if you do find that either the saw itself or its care, custody or control by the Defendant did result in injuries to the Plaintiff, then you must consider the other factors which I'm about to discuss with you concerning dangerous conditions, negligence, and factual cause.

Because this lawsuit involves a school district ... there is a preliminary issue concerning the words dangerous condition which must be resolved by you before other factors can be considered. The preliminary issue which you must decide is whether or not the table saw, as you the jury finds its physical state of existence to be on April 14, 2000, and immediately prior to the injuries sustained by the Plaintiff, presented the Plaintiff ... with a dangerous condition.

To constitute a dangerous condition for the purposes of this portion of my instructions to you, the condition must arise from the physical condition or state of the table saw itself ... or it must arise from the manner that the Defendant school district acting through its agents, servants and employees, exercised care or custody or control of the table saw with respect to the Plaintiff.

Notes of testimony at 228–30. Common pleas then instructed the jury regarding negligence and comparative negligence.