# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jamie A. Faucon, as Parent and Natural Guardian, Callie Faucon, A Minor, Jamie A. Faucon, in her own right,<br><br>        Appellants | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| v. | : | No. 1349 C.D. 2024 |
| | : | |
| Parkland Area School District | : | Submitted: September 9, 2025 |

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY JUDGE McCULLOUGH                FILED: October 21, 2025


        Jamie A. Faucon, as parent and natural guardian of Callie Faucon, a minor (Student), and in her own right (together, Appellant), appeals from the September 11, 2024 order of the Court of Common Pleas of Lehigh County (trial court), which sustained Parkland School District's (School District) preliminary objections in the nature of demurrers and dismissed Appellant's third amended complaint with prejudice. Upon review, we affirm.

## I.    Factual and Procedural Background

        Appellant filed the operative third amended complaint against the School District on June 13, 2024. The third amended complaint includes a single cause of action for negligence. Appellant alleges that on March 14, 2023, Student was injured in gym class while in the weight room of Parkland Area High School. Specifically,

Appellant avers that Student saw a weight leaning against a wall, approached it, and then it allegedly "suddenly and without warning" fell on her foot. (Third Amended Complaint, ¶¶ 5-7.) Appellant avers that Student suffered a transverse fracture of her first metatarsal on her left foot, swelling, pain and suffering. *Id.*, ¶ 8. She further claims that because of the "negligent design and construction" of the weight room, Student "had unfettered access to all of the equipment." *Id.*, ¶ 11. Appellant contends that had the weight room been designed in a manner that did not allow unfettered access to the weight equipment, Student would not have been injured. *Id.*, ¶ 12. Appellant alleges that the School District's negligence and carelessness consisted of the following:

> a. Designing the weight room in such a manner that allowed minor children to have unrestricted access to the room's equipment;
>
> b. Designing the weight room in a manner that makes it more likely that a child would be injured than feasible alternatives, including but not limited to:
>
>> i. Requiring keycard access to the weight room;
>>
>> ii. Providing designated areas specifically for trained and untrained students; and
>>
>> iii. Providing storage space such that dangerous equipment would be out of the reach of untrained students.
>
> c. Failing to design the premises in a manner that would prevent minor children from being injured;
>
> d. Constructing the weight room in such a manner that allowed minor children to have unrestricted access to the room's equipment;

2

e. Constructing the weight room in a manner that makes it more likely that a child would be injured than feasible alternatives;

f. Failing to construct the premises in a manner that would prevent minor children from being injured;

g. Failing to warn individuals that the design of the premises made it more likely that an individual would be injured; and

h. Failing to remedy the defective condition of the premises such that individuals would not be likely to be injured.

(Third Amended Complaint, ¶ 19.)

Appellant further alleges:

14. It was further foreseeable that users of the weight room would not properly store or restore the weights and equipment, as it is common in weight rooms that weights and equipment are not properly stored or restored.

15. Given that it was both foreseeable that weights and equipment would be left in areas where they were not secured or properly stored, and that it was foreseeable that weights and equipment would be stored and stacked in a manner that would result in them falling suddenly and without warning, it was also foreseeable that the design of the weight room, providing unfettered access to students such as [Student], made the falling of weights on [Student] likely.

16. Therefore, the design of the weight room was the direct and proximate cause of [Student's] injuries.

*Id.,* ¶¶ 14-16.

On June 28, 2023, the School District filed preliminary objections to the third amended complaint, demurring on the grounds that Appellant failed to state a negligence claim under the real property exception to governmental immunity under the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa.C.S. § 8542(b)(3).

3

On September 11, 2024, the trial court sustained the School District's preliminary objections and dismissed the third amended complaint with prejudice. The trial court explained:

> [Appellant] posits that this unfettered access caused a foot injury to [Student], by giving students the ability to freely enter into the room where the weights were stored. As a matter of law, however, those allegations fail to allege negligence sufficient to fall within the real property exception to governmental immunity under the [Tort Claims Act]. To fall within the real property exception, "the injured party must show that (a) the injury resulted from a dangerous condition that (b) stemmed from the care, custody or control of real property, not personalty." *Brewington v. City of Philadelphia*, 149 A.3d 901 (Pa. [Cmwlth.] 2016) (citations omitted). As alleged, [Student] was attending her regularly scheduled gym class and was able to access the weight room during this time. There is no basis to conclude that the [S]chool [D]istrict real property was unsafe for its intended and regular use as a weight room. At best, access to the weight room may have facilitated the injury, however, [Student's] foot injury was caused when a loose weight, leaning against a wall, fell on her left foot, not by an unsafe or dangerous condition of the real property. *See, Moon v. Dauphin County*, 129 A.3d 16 (Pa. [Cmwlth.] 2015)(the real property exception to governmental immunity may not apply where a dangerous condition of the real property merely facilitates an injury). Having unfettered access to places within the school, especially during a regularly scheduled gym class, without more, is insufficient to establish a defect in the design or construction of real property. Any further amendment would prove futile. The third amended complaint is dismissed with prejudice.

(Trial ct. order., 9/11/24, at 1 n.1.)

On appeal,[1] Appellant contends that the trial court committed an error of law in concluding her claim did not fall within the real property exception to governmental immunity. Specifically, she asserts that the trial court erred in concluding that her allegations that the weight room was defectively designed in such a manner that students could have "unfettered access" to the weights are insufficient to establish a defect in the design or construction of real property.

## II.    Analysis

Local government agencies are generally immune from tort liability under the Tort Claims Act. *Wells v. Harrisburg School District*, 884 A.2d 946 (Pa. Cmwlth. 2005) (finding school districts are local government agencies for purposes of 42 Pa.C.S. § 8541-42 immunity provisions). There are limited exceptions to such immunity and an injured party may recover in tort from a local governmental agency if:

> (1) damages would be otherwise recoverable under common law or statute; (2) the injury was caused by the negligent act of the local agency or an employee acting within the scope of his official duties; and (3) the negligent act of the local agency falls within one of eight enumerated categories.

*Wells*, 884 A.2d at 948 (citing 42 Pa.C.S. § 8542). Section 8542(b)(3) provides an exception to immunity for the "care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on

---

[1] In reviewing a trial court's order sustaining or overruling preliminary objections, our "review is limited to determining whether that court committed an error of law or abused its discretion." *East Lampeter Township v. County of Lancaster*, 696 A.2d 884, 886 (Pa. Cmwlth. 1997). To sustain preliminary objections, "it must appear with certainty that the law will not permit recovery and, where any doubt exists as to whether the preliminary objections should be sustained, that doubt should be resolved by a refusal to sustain them." *Peerless Publications, Inc. v. County of Montgomery*, 656 A.2d 547, 550 (Pa. Cmwlth. 1995).

real property in the possession of the local agency." 42 Pa.C.S. § 8542(b)(3). To recover under the real property exception, Pennsylvania courts have required a plaintiff to "show that (a) the injury resulted from a dangerous condition that (b) stemmed from the care, custody[,] or control of real property, not personalty." *Brewington*, 149 A.3d at 905. "Whether chattel is personalty or a fixture is a question of law for the court to decide." *Id.* at 908.

There are two approaches that can be used to determine whether to apply the real estate exception to immunity under the Tort Claims Act.

A. The *Grieff* Approach – When Injury is Caused by Care, Custody or Control of the Real Property Itself

Under *Grieff v. Reisinger*, 693 A.2d 195, 197 (Pa. 1997), (*i.e.*, the "*Grief* approach"), the determinative inquiry is whether the injury is caused by the care, custody, or control **of the real property itself**. In *Grieff*, the fire chief poured paint thinner onto the floor to remove paint from the floor. *Id.* at 196. The paint thinner spread across the floor and caught fire under a refrigerator, causing severe injuries to a bystander. *Id.* The Supreme Court explained that the fire chief's alleged negligence was in the paint removal, and paint removal clearly fell within the exception's language of the care of the property. *Id.* at 197. The Supreme Court held, therefore, that the real property exception applied, and the chief and fire association were not immune. *Id.*

In *Brewington*, a school was conducting relay races during gym class inside an elementary school gymnasium that had concrete walls, but did not provide any mats or padding on the wall to prevent or minimize injury. 149 A.3d at 903. The plaintiff, a 9-year-old student, was running too fast, could not stop, lost his footing, and tripped and fell into the concrete wall. *Id.* The trial court dismissed the claim, finding that the injury was caused by personalty, not real property; this Court reversed. We found that "the design and layout of the gym and the construction of its walls were . . .

6

unsafe for its intended and regular use as a gymnasium; the unprotected cement wall posed a danger to students who used it regularly for gym class; and that dangerous condition was the cause of [the plaintiff's] injury." *Id.* at 910 (internal citations omitted).

The Pennsylvania Supreme Court affirmed our decision in *Brewington v. City of Philadelphia*, 199 A.3d 348 (Pa. 2018), finding that "the lack of padding of a gym wall may constitute negligence in the care, custody, and control of real property, and, thus, falls within the [Tort Claims Act's] real property exception." *Id.* at 350. The Supreme Court held that "the real estate exception, by its express definitional terms, includes a failure to provide safety features in situations where such a duty otherwise exists," "the unpadded wall directly caused [the plaintiff's] injuries, and that the *wall* constitutes real property." *Id.* at 357.

Similarly, in *Bradley v. Franklin County Prison*, 674 A.2d 363 (Pa. Cmwlth. 1996), an inmate of the Franklin County Prison slipped and fell on wet tile while drying off in the prison showers. The inmate commenced an action against a prison, alleging it was negligent in installing a tile floor without a non-slip surface. This Court considered that the prison "provided the shower facilities where running water was a necessary and inextricable part of the design . . . ." *Bradley*, 674 A.2d at 366. The prison constructed the shower and area in which prisoners dried off, "knowing and intending that water would necessarily accumulate on the floor where bare feet must tread." *Id.* Ultimately, the inmate's allegation that his injury was caused by the defective design, construction, or condition of the shower floor, which was devoid of a non-slip surface, fell within the real property exception to governmental immunity.

B. The *Blocker* Approach – When Injury is Caused by Personalty, which is not Attached to the Real Estate, or by a Fixture, which is Attached

Under *Blocker v. City of Philadelphia*, 763 A.2d 373 (Pa. 2000) (*i.e.*, the "*Blocker* approach"), the determinative inquiry is whether the injury is caused by personalty, which is not attached to the real estate, or by a fixture, which is attached. In *Blocker*, a concert patron brought an action against the City of Philadelphia alleging that she was injured when a bleacher on which she was sitting collapsed. The plaintiff argued that the bleacher constituted a "fixture" of real property. The Supreme Court disagreed that the bleacher was a fixture because it was not physically affixed to the realty. Instead, it held that the bleacher was personalty, and that, even if negligently maintained, the real estate exception did not apply to personalty.

In *Repko v. Chichester School District*, 904 A.2d 1036 (Pa. Cmwlth. 2006), *appeal denied*, 923 A.2d 1175 (Pa. 2007), a student was injured while retrieving a basketball during gym class at school, when a folding table, previously leaning on its side against the bleachers, fell over and struck her. The trial court followed *Grieff* in rejecting the school district's assertion that the real property exception did not apply and that it was immune from liability. On appeal, this Court reversed the trial court, stating the following, in pertinent part:

> Contrary to the trial court's interpretation of *Grieff* that the government entity was not immune because "the care of the personalty caused a dangerous condition to occur on the real property," the actual holding in *Grieff* clearly stated that there was no immunity **due to the negligent care of the real property—[*i.e.*], the floor**—when paint thinner was poured on the floor, which ignited and caused severe injuries. Similarly, the holding in *Hanna [v. West Shore School District*, 717 A.2d 626 (Pa. Cmwlth. 1998),] was based on the injuries suffered from improperly caring for the real property, i.e., the floor. Here, although [the plaintiff] frames

8

the issue in terms of the negligent care of the gymnasium, which is real property, in fact, [the plaintiff] was ***injured by a table*** that fell on her in the gymnasium. Thus, the facts in this case are very similar to the facts in *Blocker* and its progeny, which have held that the real property exception to immunity does not apply where a person is injured by the negligent maintenance of *personalty*.

Like the plaintiffs in *Canon-McMillan III [School District v. Bioni*, 561 A.2d 853 (Pa. Cmwlth. 1989)], *Rieger [v. Altoona Area School District*, 768 A.2d 912 (Pa. Cmwlth. 2001),] and *Blocker*, [the plaintiff] was injured by an item of ***personalty***, and not real property. Therefore, consistent with those opinions, we will apply the *Blocker* approach, and find that the [s]chool was immune under [Section 8542 of the Judicial Code]. To hold, as the trial court did, that an item of personalty which injures someone on real property is within the care, custody and control exception to immunity, would bring almost any injury on school district property within the real property exception to immunity. Such a holding would defeat the purpose of immunity under the [Judicial Code], which must be strictly construed to further the legislature's intent to provide immunity. *Finn* [*v. City of Philadelphia*, . . . 664 A.2d 1342, 1344 (1995)].

*Repko*, 904 A.2d at 1042-43 (emphasis in original and footnote omitted). *See also* the following cases which found in favor of immunity: *Kniaz v. Benton Borough*, 642 A.2d 551 (Pa. Cmwlth. 1994) (injury resulted when picnic table overturned); *Wilson v. Ridgway Area School District*, 596 A.2d 1166 (Pa. Cmwlth. 1991) (injury related to use of a table saw); *DeRitis v. City of Philadelphia*, 582 A.2d 738 (Pa. Cmwlth. 1990) (injury caused by unsafe condition of bleacher); *Canon-McMillian School District* (injury caused by malfunction of a wood lathe not attached to real property); *Malone v. City of Philadelphia*, 535 A.2d 209 (Pa. Cmwlth. 1987) (injury caused by unsafe condition of scaffolding).

Here, Appellant alleges that "unfettered" access to the weight room amounts to a design flaw because it is foreseeable that a weight would be stored improperly. Despite Appellant's attempt to couch the cause of Student's injury as a problem with the care, custody, or control of the weight room, Student was not injured as a result of the negligently constructed or designed weight room. Rather, she was injured **by an item of personalty, a weight**, that fell on her foot in the weight room. As a result, *Blocker* and *Repko* control the disposition of the instant preliminary objections. Under these cases, if the injury is caused by personalty that is merely on the real property, the political subdivision remains immune. As we observed in *Repko*, "[t]o hold, as the trial court did, that an item of personalty which injures someone on real property is within the care, custody and control exception to immunity, would bring almost any injury on school district property within the real property exception to immunity." 904 A.2d at 1042-43.

Appellant's claim would fail under the *Grieff* approach in any event because "unfettered access" to a weight room does not constitute a condition of real property but instead, relates to one's ability to access property at any given moment. To conclude that no waiver exists in this situation, would result in the assumption that the design of all rooms in a high school filled with heavy objects with unlocked doors are *per se* defective.

### III.    Conclusion

Because the real property exception applies only to real property, Student's injury from the weight leaning against the wall in the high school's weight room does not fall within the exception.  The School District, therefore, is immune under the Tort Claims Act.  The order of the trial court is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jamie A. Faucon, as Parent and
Natural Guardian, Callie Faucon,
Minor, Jamie A. Faucon, in her own
right,

    Appellants

    v.

Parkland Area School District

:
:
:
:
:
:
:
:
:
:
:

No. 1349 C.D. 2024

## **ORDER**

      AND NOW, this 21st day of October, 2025, the September 11, 2024 order of the Court of Common Pleas of Lehigh County is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge