IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyler S. Harrison,                              :
                                                :
                        Appellant               :
                                                :
            v.                                   :  No. 365 C.D. 2024
                                                :  Argued:  December 8, 2025
Lancaster Parking Authority,                    :
The Parking Authority of the City              :
of Lancaster, The City of                       :
Lancaster, and Ryan Scott Seals                 :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge (P.)
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                 FILED:  April 7, 2026


            Tyler Harrison (Harrison) appeals from an order of the Lancaster
County Court of Common Pleas (trial court), sustaining the preliminary objections
filed by the Lancaster Parking Authority/the Parking Authority of the City of
Lancaster (Parking Authority or Authority) and the City of Lancaster (City)
(collectively Defendants).[1]  For the reasons that follow, we reverse and remand.

---

[1] The trial court's order sustaining Defendants' preliminary objections was docketed on
January 3, 2023.  The order did not become appealable until the trial court issued a February 29,
2024 order assessing damages against Ryan Scott Seals (Additional Defendant Seals).  On January
22, 2025, this Court issued an order precluding Additional Defendant Seals from filing a brief or
participating in oral argument due to his failure to comply with a prior order of this Court.

## Background

This matter arises from an incident that occurred at the Penn Square Parking Garage, a public facility owned by the Authority and leased to the City to provide public parking in downtown Lancaster City. Harrison's First Amended Complaint, ¶¶5, 10.[2] On February 10, 2019, after spending a night out with friends, Harrison entered the parking garage with his companions. *Id.*, ¶13. As he entered the premises, Harrison was attacked by an unknown assailant and fell from the garage to the sidewalk below, suffering severe injuries. *Id.*, ¶15. Specifically, Harrison alleges that he was

> brutally attacked, assaulted, struck and battered by the unknown assailant or assailants with great force, and he was either thrown, pushed, or *otherwise fell* from a level of the garage that did not contain a barrier wall, fence or guardrail of adequate height, which caused him to land on the sidewalk below the [p]arking [g]arage, and causing [Harrison] severe personal injuries....

*Id.* (emphasis supplied).

Harrison instituted suit by filing a writ of summons. On October 18, 2019, he filed a complaint against the Parking Authority only. Original Record (O.R.) at No. 6. On November 25, 2019, the Parking Authority filed a joinder complaint against Additional Defendant Seals, alleging that he was the "unknown assailant" in this action. O.R. at No. 17. On December 10, 2019, the joinder complaint was served on Additional Defendant Seals. O.R. at No. 29.

Meanwhile, on December 2, 2019, Harrison filed a "Motion for Leave of Court to File a First Amended Complaint." O.R. at No. 20. Thereafter, on February 11, 2020, Harrison filed a renewed "Motion for Leave of Court to File a

---

[2] A full and complete version of Harrison's First Amended Complaint is attached as Exhibit A to the City's preliminary objections and is found in the Reproduced Record at page 130a.

First Amended Complaint" and a brief in support. O.R. at No. 33. On March 20, 2020, the trial court entered an order granting Harrison's February 11, 2020 motion for leave to file amended complaint. O.R. at No. 69. The order directed Harrison to, within 30 days of the date of the order, file the first amended complaint that was attached to the February 11, 2020 motion. The first amended complaint was filed on March 30, 2020, and asserted claims in negligence as well as federal claims, and added the City as a defendant.[3] O.R. at No. 71.

On April 9, 2020, *after the first amended complaint was filed*, the Parking Authority filed a "Praecipe to Enter Default Judgment against [Additional Defendant Seals]." O.R. at No. 74. The Prothonotary entered the default judgment against Additional Defendant Seals that same day.

The Parking Authority filed preliminary objections to the first amended complaint,[4] but the City removed the case to federal court. In June of 2021, the federal court dismissed Harrison's federal claims and remanded Harrison's state law claims. The City then filed preliminary objections to the first amended complaint.[5]

Pertinent here, the Authority demurred to Counts I and II of the amended complaint asserting it was immune from suit under the statute commonly referred to as the Political Subdivision Tort Claims Act (Tort Claims Act), 42 Pa. C.S. §§8541-8542. For its part, the City's preliminary objections challenged,

---

[3] Counts I and II of the first amended complaint alleged negligence against the Parking Authority for failure to protect business invitees and negligence in the design, construction, and maintenance of the parking garage respectively. Similarly, Counts V and VI of the amended complaint alleged negligence against the City for failure to protect business invitees and negligence in the design, construction, and maintenance of the parking garage.

[4] The Authority's preliminary objections can be found on page 108a of the Reproduced Record.

[5] The City's preliminary objections can be found on page 124a of the Reproduced Record.

*inter alia*, Counts V and VI of the amended complaint. Like the Authority, the City demurred, asserting immunity pursuant to the Tort Claims Act.

**Trial Court Opinion**

On June 30, 2022, the trial court issued an opinion.[6] First, the trial court addressed Defendants' demurrers to Counts I and V of the amended petition for review, which alleged negligence in failing to protect business invitees. The trial court acknowledged that for the purpose of testing the legal sufficiency of a challenged pleading "a preliminary objection in the nature of a demurrer admits as true all well-pleaded, material, relevant facts and every inference deducible from those facts." Trial Court Opinion at 3 (quoting *County of Allegheny v. Commonwealth*, 490 A.2d 402, 408 (Pa. 1985)). Further, in order to sustain preliminary objections in the nature of a demurrer "it must appear certain that upon the factual averments and all inferences reasonably deducible therefrom, that the law will not permit recovery by the plaintiff." *Id.* (quoting *Halliday v. Beltz*, 514 A.2d 906, 908 (Pa. Super. 1986)).

As to the facts of the instant action, the trial court noted that under the Tort Claims Act, local agencies are not liable for damages "on account of an injury to a person or property caused by any act of the local agency or an employee thereof or any other person." Trial Court Opinion at 3 (quoting Section 8541 of the Tort Claims Act, 42 Pa. C.S. §8541). Nevertheless, a plaintiff can recover from a local agency if damages would otherwise be recoverable under common law or statute, the local agency or its employee negligently causes the injury, and the negligent act

---

[6] The trial court's opinion can be found on page 266a of the Reproduced Record.

falls within an enumerated exception. *Id.* (citing *Wells v. Harrisburg Area School District*, 884 A.2d 946, 948 (Pa. Cmwlth. 2005)).

Here, Harrison asserted that his cause of action fell under the Tort Claims Act's real estate exception. This Section provides:

> **(b) Acts which may impose liability.--**The following acts by a local agency or any of its employees may result in the imposition of liability on a local agency:
>
> * * *
>
> (3) *Real property.--*The care, custody or control of real property in the possession of the local agency, except that the local agency shall not be liable for damages on account of any injury sustained by a person intentionally trespassing on real property in the possession of the local agency.

42 Pa. C.S. §8542(b)(3). Citing the case of *Rhoads v. Lancaster Parking Authority*, 520 A.2d 122, 129 (Pa. Cmwlth. 1987), the trial court emphasized that the exception is purposefully narrow and imposes liability only for negligent behavior that makes the government-owned property unsafe for the activities for which it is regularly used, for which it was intended to be used, or for which it may be reasonably foreseen to be used. Trial Court Opinion at 3. The trial court noted that the *Rhoads* court determined that the real estate exception did not apply when the plaintiff had been assaulted in a parking garage because the local agency's negligent behavior did not make the building's physical structure unsafe.

Applying the holding in *Rhoads* to the facts of this case, the trial court held that the real estate exception did not apply to Harrison's claims that Defendants breached a duty to secure the premises or to ensure safe access to the premises to prevent assault by third parties. The negligent acts alleged by Harrison did not make

the property itself unsafe for parking and/or retrieving one's vehicle; thus, the trial court dismissed Counts I and V of the amended complaint with prejudice.

Next, the trial court addressed Defendants' demurrers to Counts II and VI of the amended complaint. In those counts, Harrison alleged that Defendants' negligent design, construction, and maintenance of the parking garage caused his injuries. Defendants' demurrers asserted that Harrison's claims are legally insufficient because any alleged condition or defect in the parking garage did not cause his harm. Citing the Supreme Court's opinion in *Mascaro v. Youth Study Center*, 523 A.2d 1118, 1124-25 (Pa. 1987), the trial court recognized that the real estate exception does not apply when a defect or condition of the land does not cause, but merely facilitates, a third party's harmful action. Trial Court Opinion at 4. Moreover, a third-party crime is not a reasonably foreseeable use of property. Finally, for the real estate exception to apply, Harrison must have alleged facts to support an ongoing, permitted conduct Defendants were aware of but failed to control. *Id.* (citing *Vann v. Board of Education of the School District of Philadelphia*, 464 A.2d 684, 686 (Pa. Cmwlth. 1983)). The trial court stated:

> The first amended complaint states that [Harrison] was struck forcefully by an assailant and was either thrown, pushed, or "otherwise fell" from the garage. [Amended Complaint,] ¶15. Implied in the grammar of that statement is the fact that his fall was causally tied to the assault. [Harrison] suffered injuries "[a]s a result of the assault by the unknown assailant or assailants[.]" *Id.*[,] ¶16. He did not plead facts to support an inference that the wall *itself* caused his fall. Nor did [Harrison] plead facts regarding the extent, nature or context of any permissible conduct on the property that caused his fall. Without these facts to support his negligence claim, it is clear the law does not permit recovery. Counts II and VI are dismissed with prejudice. Defendants' remaining preliminary objections are dismissed as moot.

6

Trial Court Opinion at 5 (emphasis in original).

**Harrison's Notice of Appeal**

Harrison filed a notice of appeal from the trial court's June 30, 2022 opinion. The appeal was eventually quashed because the trial court had not entered an order on the docket disposing of Defendants' preliminary objections. *See* Pa.R.A.P. 301 (requirements for an appealable order). On January 3, 2023, the trial court issued an order disposing of Defendants' preliminary objections with prejudice and dismissing Defendants from the action. Harrison once again filed a notice of appeal to this Court. The Parking Authority filed a motion to quash on the grounds that the January 3, 2023 order was not a final order because, while the Parking Authority had obtained a default judgment against Additional Defendant Seals as to liability only, damages had not yet been determined; thus, the January 3, 2023 order was interlocutory and unappealable. *See* Parking Authority's "Motion to Quash Appeal Pursuant to Rule of Appellate Procedure 1972(a)(7)," 6/26/2023 at Docket No. 101 C.D. 2023. This Court agreed and granted Defendants' motion to quash. *See* Memorandum/Order, 8/21/2023, Docket No. 101 C.D. 2023. Thereafter, the trial court held a hearing on the assessment of damages. By order dated February 29, 2024, the trial court ordered that "[Additional Defendant Seals] shall pay [Harrison] $1,500,000 for past, present, and future pain and suffering and $467,090.16 in compensatory damages, which shall be forwarded to Capital BlueCross upon receipt to satisfy the subrogation claim against [Harrison]." O.R. at No. 129.

Harrison filed a notice of appeal to this Court. By order dated April 9, 2024, the trial court directed Harrison to file a statement of errors complained of on

7

appeal (statement of errors). *See* Pa.R.A.P. 1925(b). On May 8, 2024, the trial court issued a "Memorandum of Opinion" indicating that the reasons for its order sustaining Defendants' preliminary objections were adequately addressed in its June 30, 2022 opinion.

## Discussion[7]

Turning to the merits of Harrison's appeal, we note that the question presented in a demurrer is whether, on the facts averred, the law indicates with

---

[7] By order dated May 27, 2025, this Court directed the parties to file supplemental briefs addressing whether the Parking Authority's failure to file a renewed joinder complaint against Additional Defendant Seals after Harrison's first amended complaint was filed divested the trial court of jurisdiction to enter the February 29, 2024 order assessing damages against Additional Defendant Seals. *See SpiriTrust Lutheran v. Wagman Construction, Inc.*, 314 A.3d 894, 904 (Pa. Super. 2024) (it is settled law that the filing of an amended complaint has the effect of eliminating the prior complaint, and all pleadings in a complaint preceding an amendment become null and void for purposes of the Rules of Civil Procedure); *Avery v. Cercone*, 225 A.3d 873, 883 (Pa. Super. 2019) (observing that the plaintiff, by filing an amended complaint, eliminated all facts alleged in her original complaint and rendered all of the pleadings preceding her amended complaint null and void). The order further directed the parties to address whether Pennsylvania Rule of Civil Procedure 2252(c), Pa.R.Civ.P. 2252(c), prohibits a party from entering a default judgment against an additional defendant.

Having reviewed the parties' supplemental briefs, we agree with Defendants that Harrison's filing of his first amended complaint did not render the Authority's joinder complaint a nullity. While the filing of an amended complaint does render the *preceding complaint's factual allegations* null and void, the filing of an amended complaint does not render all other pleadings in the case a nullity. A joinder complaint is, in effect, a pleading unto itself subject to the same pleading requirements as any other complaint. *See* Pa.R.Civ.P. 2252(b) (providing that the joinder complaint shall be in the same "manner and form required of the initial pleading of the plaintiff in the action," setting forth the facts relied upon to establish the liability of the joined party and the relief demanded); Pa.R.Civ.P. 1017(a), *Note* (explicitly including a complaint to join an additional defendant in the definition of "pleadings allowed").

As for this Court's question of whether the Rules of Civil Procedure allow a party to seek a default judgment against an additional defendant, the Authority concedes this is the case

**(Footnote continued on next page…)**

certainty that no recovery is possible. *Richardson v. Wetzel*, 74 A.3d 353, 356 (Pa. Cmwlth. 2013). In reviewing preliminary objections, "[a]ll well-pled facts in the complaint and reasonable inferences arising from those facts, are accepted as true." *Id.* A demurrer "tests the legal sufficiency of the challenged pleading and will be sustained only where the pleader has clearly failed to state a claim for which relief can be granted." *Torres v. Beard*, 997 A.2d 1242, 1245 (Pa. Cmwlth. 2010) (citation omitted). Finally, our "review of an order granting preliminary objections in the nature of a demurrer is limited to determining whether the trial court abused its discretion or committed an error of law." *Chichester School District v. Chichester Education Association*, 750 A.2d 400, 402 n.8 (Pa. Cmwlth. 2000) (citation omitted).

Here, Harrison asserts that he pleaded sufficient facts in his first amended complaint to state a claim under the real estate exception to governmental immunity. Harrison maintains that in reaching its decision, the trial court focused only on his allegations that the Defendants' negligent operation of the parking garage promoted the occurrence of criminal activity on the real property. Harrison

and that the trial court lacked authority to enter the April 2020 judgment against Additional Defendant Seals. Authority's Supplemental Brief at 23. In essence, the Authority argues that the entry of the default judgment against Additional Defendant Seals was harmless error because the trial court ultimately held a damages hearing where Seals appeared and was given the opportunity to cross-examine Harrison, testify on his own behalf and present evidence. Furthermore, the Authority notes, Additional Defendant Seals did not contest the default judgment or seek to open or strike it.

Under the circumstances presented here, we conclude that the trial court's entry of a default judgment against Additional Defendant Seals constituted harmless error. Any prejudice Additional Defendant Seals may have suffered by the entry of the default judgment was nullified when he had an opportunity to present his case at the damages hearing. Notably, although Additional Defendant Seals appeared at the hearing, he chose not to present evidence or conduct cross-examination. Notes of Testimony, 12/15/2023, R.R. at 288a-89a; 292a. Moreover, Additional Defendant Seals never took steps at the outset to contest the entry of the default judgment. We agree with the Authority that the trial court did not err in entering the February 29, 2024 order.

emphasizes that he never alleged that the assault in this case was the exclusive cause of his injuries. To the contrary, Harrison notes, he also alleged that Defendants failed to keep and maintain the parking garage in a safe condition for patrons because of low barrier walls, fences or guardrails. Citing the case of *Wilson v. Philadelphia Housing Authority*, 735 A.2d 172 (Pa. Cmwlth. 1999), Harrison asserts that he pleaded sufficient facts to reasonably infer that the low barrier wall itself was an independent cause of his injuries.

> Per Harrison, his first amended complaint

> > pleaded that he was assaulted **and** that he ultimately fell from the Parking Garage. . . . [Harrison] never definitively stated that he was thrown over the wall during the assault or whether he merely fell over the wall after being assaulted because the information was unknown then and remains unknown now. But, although it is not explicitly stated, it is implied in the language of the [f]irst [a]mended [c]omplaint, and in the nature of the individual counts alleged therein, that there existed multiple dangerous conditions which posed a danger to business invitees. Furthermore, the [f]irst [a]mended [c]omplaint, when read in its entirety, certainly provides for the reasonable inference that [Harrison] may have accidentally fallen over the low wall.

Harrison's Brief at 13-14 (emphasis in original).

Harrison posits that the trial court relied on the inference that Harrison was thrown over the barrier wall during the assault based on "a grammatical interpretation of a limited portion of [Harrison's] [f]irst [a]mended [c]omplaint." Harrison's Brief at 14. Harrison theorizes that is

> > but one reasonable inference that may be drawn from the facts pleaded in [Harrison's] [f]irst [a]mended [c]omplaint. Another reasonable inference that may be drawn from the facts pleaded is that [Harrison], while being beaten, recognized that there was no security there

10

> to intervene and so, in desperately trying to secure his safety, he stumbled away along the dimly lit walkway and toppled over the barrier wall. That is an entirely reasonable inference too.

*Id.* at 14-15. Harrison emphasizes that at the preliminary objection stage, the trial court is required to draw all reasonable inferences in his favor, including that he accidentally fell over the low barrier wall. Harrison maintains that the trial court erred in "ignor[ing] this inference." *Id.* at 15. Harrison writes:

> The plain language of the [f]irst [a]mended [c]omplaint plainly pleaded factual allegations from which one could reasonably infer that [Harrison] had been thrown over the edge of the parking garage or he very well may have simply fallen over the edge.

Harrison's Brief at 31.

The Parking Authority responds that, as a preliminary matter, Harrison should be judicially estopped from contesting that he was thrown off the parking garage. The Parking Authority underscores that at the December 15, 2023 damages hearing, Harrison testified that this was indeed the case.

The Parking Authority further asserts that the real property exception does not apply in this case because Harrison's allegations, even if proven true, do not demonstrate a causal relationship between an alleged defect in the real property and Harrison's injuries. Citing *Rhoads*, the Parking Authority emphasizes that Section 8542 of the Tort Claims Act must be read as a narrow exception to a general legislative grant of immunity. Per the Parking Authority, Section 8542 should be construed to impose liability "only for negligence which makes government-owned property unsafe for the activities for which it is regularly used, for which it is intended to be used, or for which it may be reasonably foreseen to be used." Parking Authority's Brief at 13 (quoting *Rhoads*, 520 A.2d at 129). The Parking Authority

11

maintains that the focus should be on whether an actual defect of the real property caused the injury. Stated another way, "the dangerous condition must arise from a physical problem with the real property, such as 'a defect in the property or in its construction, maintenance, repair or design.'" *Id.* (quoting *Jones v. Southeastern Pennsylvania Transportation Authority*, 772 A.2d 435, 444 (Pa. 2001)). The Parking Authority emphasizes that the real estate exception to the rule of governmental immunity can be applied "only to those cases where it is alleged that the artificial condition or defect of the land itself causes the injury, not merely when it facilitates the injury by acts of others[.]" Parking Authority's Brief at 13-14 (quoting *Snyder v. Harmon*, 562 A.2d 307, 312 (Pa. 1989)). Liability is only imposed under the real property exception for "negligence which makes government-owned property unsafe for the activities for which it may be *reasonably foreseen* to be used." *Id.* at 14 (quoting *Kasavage v. Philadelphia*, 524 A.2d 1089, 1091 (Pa. Cmwlth. 1987)) (emphasis in original).

The City responds that Harrison is improperly asking this Court to broaden the duty imposed upon it to "protect [Harrison] from the risk of being pushed from the second floor of a parking garage to the sidewalk below during the course of a felonious assault." City's Brief at 3. The City maintains that Harrison's arguments "stretch the [real estate exception] to the breaking point." *Id.* The City stresses that the parking garage "need not be designed to prevent criminals from inadvertently sending their victims over the edge." *Id.* at 9. Similar to the Parking Authority, the City also maintains Harrison's claims that he may have stumbled over the wall independent of the third-party assault is belied by his testimony at the damages hearing.

At the outset, we must reject any assertions that Harrison's testimony at the damages hearing impacts the disposition of Defendants' demurrers. Clearly, the procedural twists and turns in this case have resulted in a confusing and muddled record. With that said, we are reminded that in reviewing preliminary objections, "[a]ll well-pled facts *in the complaint* and reasonable inferences arising from those facts, are accepted as true." *Richardson*, 74 A.3d at 356 (emphasis added). Furthermore, "[w]hen ruling on a demurrer, a court must confine its analysis **to the complaint**." *Torres*, 997 A.2d at 1245 (citation omitted and emphasis added). Here, Defendants improperly ask us to look beyond the allegations of the complaint and to consider testimony that was offered in a proceeding related to the joinder complaint. Because, in context of preliminary objections, we cannot consider anything beyond the facts as pled in the first amended complaint, this argument is without merit.[8]

Setting aside Defendants' estoppel arguments, and based on our review of the record and relevant case law, we conclude that the trial court erred in sustaining Defendants' demurrers. With respect to Counts I and V of the amended complaint, wherein Harrison alleges that Defendants negligently failed to protect business invitees, a plain reading of the amended complaint reflects that Harrison's allegations are not limited to Defendants' alleged failure to prevent an assault by a third party. Rather, drawing all reasonable inferences from the allegations of Harrison's first amended complaint, it is apparent that Harrison also alleges that Defendants negligently failed to protect him from unsafe conditions in the garage including low barrier walls, fences or guardrails. *See* First Amended Complaint, ¶¶43(e); 44(d); 44(f); 44(m); 44(p); 44(t); 138(e); 139(d); 139(f); 139(m); 139(p);

---

[8] Harrison's admission might become relevant, however, in any motions the Defendants file later in this action.

13

139(t). Such allegations are sufficient to invoke the real estate exception to governmental immunity.

With respect to Counts II and VI of the complaint, we reach the same conclusion. The trial court again mischaracterized Harrison's claims as being based solely on injuries caused by a third party. Drawing all reasonable inferences from the allegations in Harrison's first amended complaint, we agree that he sufficiently pleaded the negligent design, construction, and maintenance of the garage were a direct and substantial cause of his injuries, independent of the third-party criminal assault. Indeed, Harrison alleged that the garage's upper-level barrier walls were constructed below the minimum height required by building codes and that the garage was dimly lit and lacked warning signs, creating a dangerous condition for patrons, especially those who might be inebriated or vulnerable to losing their balance. *See* First Amended Complaint, ¶¶48; 50; 52(a), 52(c)-(n); 53-57; 143; 145; 147(a); 147(c)-(n); 148-152. Again, these inferences are sufficient to invoke the real estate exception. Because we conclude that at this early stage of the proceedings Harrison has averred sufficient facts to invoke the real estate exception to sovereign immunity, we are constrained to reverse the order of the trial court and remand this matter for further proceedings.

Accordingly, the trial court's order is reversed and this matter is remanded to that court for proceedings consistent with the foregoing memorandum opinion.

_____
MICHAEL H. WOJCIK, Judge

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyler S. Harrison,                          :
                                            :
                    Appellant               :
                                            :
          v.                                : No. 365 C.D. 2024
                                            :
Lancaster Parking Authority,                :
The Parking Authority of the City           :
of Lancaster, The City of                    :
Lancaster, and Ryan Scott Seals             :

# **O R D E R**

AND NOW, this 7th day of April, 2026, the order of the Lancaster County Court of Common Pleas (trial court) sustaining the preliminary objections filed by the Lancaster Parking Authority/the Parking Authority of the City of Lancaster and the City of Lancaster is REVERSED and this matter is remanded to the trial court for further proceedings.

Jurisdiction relinquished.

_____
MICHAEL H. WOJCIK, Judge